OPINION OF THE COURT
Joel M. Goldberg, J.
The issue to be decided is whether the statutory language "more than eighteen years old” found in Penal Law § 125.27 (1) means, as the defendant contends, "at least nineteen years old.”
The defendant is charged in an indictment with attempted *1094 murder in the first degree (Penal Law §§ 110, 125.27 [1]), attempted aggravated assault upon a police officer (Penal Law §§ 110, 120.11), and criminal possession of a weapon in the second and third degrees (Penal Law §§ 265.03, 265.02). He now moves pursuant to CPL 210.20 and 210.25 for a dismissal or reduction of the attempted first degree murder count to attempted murder in the second degree on the ground that the evidence before the Grand Jury was legally insufficient to establish that the defendant was at least 19 years old at the time of the crime. For the reasons set forth below, the defendant’s motion to dismiss is denied.
DISCUSSION
Penal Law § 125.27 (1) provides, in pertinent part, that:
"A person is guilty of murder in the first degree when:
"1. With intent to cause the death of another person, he causes the death of such person; and * * * the victim was a police officer * * * who was killed in the course of performing his official duties, and the defendant knew or reasonably should have known that the victim was a police officer * * * [and the] defendant was more than eighteen years old at the time of the commission of the crime.” (Emphasis added.)
In support of his motion to dismiss or reduce, dated December 10, 1993, the defendant asserts that the statute excludes 18 year olds from its scope. The evidence before the Grand Jury as to the defendant’s age showed that he was either 18 years old or 19 years old at the time of the crime. The discrepancy resulted from the defendant’s having given two different dates of birth at different times.
In response, the People’s answer, dated December 29, 1993, contends that the defendant’s age was sufficiently established and that the term "more than eighteen years old” as used in Penal Law § 125.27, is synonymous with the term "eighteen years old and more” as alleged in the indictment. The People cited no authority other than the "plain reading” of the statute.
This court’s research disclosed no published decisions or legislative history on the meaning of the phrase "more than eighteen years old” as used in the statute.* However, the rules *1095 of statutory construction dictate that words in a statute should be given their natural and obvious meanings according to ordinary usage. (See, McKinney’s Cons Laws of NY, Book 1, Statutes §§ 94, 232.)
When given their obvious meanings, the words "more than eighteen years old” includes persons who have reached the eighteenth year of the anniversary of their birth. (Compare, People v Stevenson, 17 NY2d 682 [1966] [where the defendant, who was born on August 25, 1947, was determined to be "less than sixteen years of age” on August 24, 1963 — the date of the commission of the crime].)
The defendant argues that the Legislature’s use of the term "more than eighteen years old” in Penal Law § 125.27, as opposed to the phrase "eighteen years old or more,” as seen in article 130’s sex offense statutes (see, e.g., Penal Law § 130.30), supports the conclusion that the different wordings carry different meanings. At first glance, this argument seems to have merit. However, the defense has overlooked another section of article 130, specifically Penal Law § 130.55, sexual abuse in the third degree, which contains the phrase "more than fourteen years old.” There, according to the practice commentary, the term "more than fourteen years old” includes persons who are 14 years old. (See, Donnino, Practice Commentary, McKinney’s Cons Laws of NY, Book 39, Penal Law art 130, at 571.)
Furthermore, the drafters of a statute need not incorporate the exact wording of an existing statutory section for the meaning of a subsequently enacted section to be similar. (See, McKinney’s Cons Laws of NY, Book 1, Statutes § 422.) Therefore, although the drafters of Penal Law § 125.27 did not choose to use the terminology "years old or more,” as was used in other existing Penal Law sections, this does not mean the terminology "more than_years old” is not synonymous.
Therefore, this court finds that the phrase "more than eighteen years old” includes persons who have reached their eighteenth birthday.
Accordingly, the evidence before the Grand Jury was sufficient to establish the requisite age and the defendant’s motion to dismiss is denied.

 The legislative Bill Jacket on Penal Law § 125.27 (L 1974, ch 367) includes a letter sent to then Governor Malcolm Wilson, dated May 14, 1974, from the Committee on Youth and Correction of the Community *1095 Service Society of New York which states that the proposed legislation would exclude "persons under eighteen.”