■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE TORRES, Appellant. [624 NYS2d 410] —Judgment, Supreme Court, New York County (Alvin Schlesinger, J.), rendered April 8, 1992, convicting defendant, after a jury trial, of murder in the second degree and robbery in the first degree, and sentencing him, as a second felony offender, to concurrent terms of 20 years to life and 9 to 18 years, respectively, unanimously affirmed.

Defendant was convicted for the shooting of a cab driver during a robbery of that victim. A witness recognized defendant as he exited the cab with a gun immediately after shots were fired, knew him by the nickname Pito and provided this information to police.

The following evening, the defendant was arrested by a police officer, who did not know defendant, for a drug transaction observed by that officer. When defendant provided pedigree information, he indicated that his nickname was Pito. At that point, the officer contacted detectives. When a detective asked "who's Pito?", defendant responded. The defendant then was held for questioning in connection with the robbery-homicide. Since the nickname was elicited as routine pedigree information in a non-interrogatory setting, there were no

*Miranda* consequences *(Rhode Is. v Innis,* 446 US 291, 301; *People v Almonte,* 192 AD2d 492, *lv denied* 81 NY2d 1069), especially since police were only trying to establish the defendant's identity during processing rather than attempting to inculpate him *(People v Perez,* 198 AD2d 540, 542, *lv denied* 82 NY2d 929; *People v Ennis,* 197 AD2d 404, *lv denied* 82 NY2d 849).

The defendant was given his *Miranda* warnings prior to any interrogation by detectives. During an interview which lasted approximately four hours, defendant provided a number of statements, which he consistently modified as the investigating detective confirmed with other sources that factual assertions were inaccurate. Defendant eventually admitted that he had a role in the robbery, although he claimed that he was only a lookout. During this interview, defendant was offered food and drink, and was allowed to watch television, unhandcuffed, during breaks in the questioning. After he signed the written statement, defendant was provided more food, afforded an opportunity to sleep, and then he gave a video-taped statement when an Assistant District Attorney became available several hours later. He never asked for counsel, or the presence of a family member, and he never invoked the right to remain silent, despite having been provided with *Miranda* warnings at each juncture of the questioning. In light of the foregoing, we find no basis to conclude that the interview was coercive. Finally, defendant failed to preserve his present claim that the police intentionally delayed arraignment so that the video-taped statement could be recorded before the indelible right to counsel attached, and we decline to review in the interest of justice.

Defendant's claim of nondisclosure of several DD-5 forms on *Rosario* grounds, made at the close of evidence, was not preserved as counsel failed to raise it in a timely manner *(People v Rogelio,* 79 NY2d 843). We decline to review in the interest of justice, especially since counsel failed to make an adequate record for review even when the claim was raised. We note that the better practice would have been for the trial court to review the subject forms *in camera;* under the circumstances of this case we find no basis to controvert the prosecutor's itemization of the forms, establishing their lack of relevancy to the detective's direct testimony, especially since defense counsel acquiesced in the explanation.

We have examined defendant's remaining claims and find them to be meritless. Concur—Rosenberger, J. P., Ellerin, Wallach, Kupferman and Mazzarelli, JJ.