■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS AULET, Appellant. [634 NYS2d 463] —Judgment, Supreme Court, New York County (Michael Corriero, J.), rendered October 22, 1993, convicting defendant, after a nonjury trial, of two counts of murder in the second degree and one count of kidnapping in the first degree, and sentencing him, as a juvenile offender, to concurrent terms of 9 years to life on the mur-

der convictions and 6 to 15 years on the kidnapping conviction, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*People v Bleakley*, 69 NY2d 490). Defendant's acts were "imminently dangerous and presented a very high risk of death" to the victim and were "committed under circumstances which evidenced a wanton indifference to human life or a depravity of mind" (*People v Register*, 60 NY2d 270, 274, *cert denied* 466 US 953). Defendant admitted that after the codefendant told him that he wanted to beat up the victim, defendant lured the victim to a pier on 112th Street. Prior to leaving with the codefendant for the meeting, defendant knew that codefendant had twice "jokingly" threatened to kill the victim, and had taken a knife from defendant's home. In accordance with their plan, defendant pretended to be surprised by the codefendant's "sudden" appearance at the pier, and he and the codefendant escorted the victim to an abandoned factory four blocks away. After the codefendant brutally attacked the victim and then left momentarily, defendant, while pretending to help the victim escape, alerted the codefendant. Defendant then accompanied the codefendant and the victim to the fifth floor elevator shaft; defendant acknowledged that he knew that the victim was going to die at that point. After the codefendant pushed the victim down the shaft, defendant subsequently threw dangerous debris on the victim even though he knew that the victim was still alive and had heard his "gasps". The court, as trier of fact, had ample basis to reject defendant's "innocent" explanations of the events, and defendant's claim that he was "intimidated" by the codefendant.

Dismissal of the kidnapping charge is not warranted since the merger doctrine is not applicable to first-degree kidnapping (*see, People v Velez*, 206 AD2d 258, *lv denied* 84 NY2d 940). Defendant's complaints about the testimony of the People's expert forensic anthropologist are largely unpreserved (*People v Shavers*, 205 AD2d 395, *lv denied* 84 NY2d 939), and we decline to review the unpreserved claims in the interest of justice. As to his preserved claim, we perceive no abuse of discretion in the admission of testimony about the effect of certain head injuries the victim sustained.

Finally, since defendant failed to seek production of some notes which had been made by the forensic anthropologist and mentioned during her direct testimony at trial, his *Rosario* claim is unpreserved (*People v Torres*, 213 AD2d 359, *lv denied* 86 NY2d 784), and since the expert was a consultant to the

Medical Examiner's Office, without merit (*see, People v Washington*, 86 NY2d 189). Nor did the People fail to make a good faith effort to comply with their discovery obligations under CPL 240.20 (2), since the prosecutor had no knowledge about the notes (*compare, People v DeGata*, 86 NY2d 40). Concur—Rosenberger, J. P., Rubin, Kupferman, Asch and Williams, JJ.