■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK HERMAN, Appellant. [716 NYS2d 630] —Judgment unanimously affirmed for reasons stated in decision at Supreme Court, Mark, J. (Appeal from Judgment of Supreme Court, Monroe County, Mark, J.—Attempted Criminal Possession Controlled Substance, 5th Degree.) Present—Pigott, Jr., P. J., Green, Hayes, Scudder and Kehoe, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MALCOLM BROWN, Appellant. [716 NYS2d 504] —Judgment unanimously affirmed. Memorandum: We reject the contention that defendant was deprived a fair trial when the prosecutor commented on and elicited evidence concerning two uncharged crimes without obtaining a *Ventimiglia* ruling. First, testimony that defendant was in possession of bolt cutters and copper pipe at the time of his arrest is not evidence of an uncharged crime because possession of those items is not illegal (*see, People v Powell,* 209 AD2d 879, 881, *lv denied* 84 NY2d 1037). That evidence, moreover, was necessary "to complete the narrative of the episode" (*People v Gines,* 36 NY2d 932, 932-933) and to explain why the police pursued and arrested defendant (*see, People v Conyers,* 160 AD2d 318, 319, *lv denied* 76 NY2d 786). Second, defendant was not accused of stealing copper pipe from 15 Rosewood Terrace, one of the locations that he allegedly burglarized. Thus, *Ventimiglia* was not implicated and the prosecutor was not required to seek an advance ruling with respect to the admissibility of evidence that copper pipe had been removed from that address (*see, People v Kyser,* 183 AD2d 238, 242, *lv denied* 81 NY2d 888). (Appeal from Judgment of Monroe County Court, Egan, J.—Burglary, 3rd Degree.) Present—Pigott, Jr., P. J., Green, Hayes, Scudder and Kehoe, JJ.