THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD M. GATTI, Appellant. [716 NYS2d 182] —Judgment unanimously affirmed. Memorandum: Supreme Court properly denied that part of defendant's motion made at the close of the proof to dismiss the eighth count of the indictment, charging defendant with attempted murder in the first degree, on the ground that he was not "more than eighteen years old at the time of the commission of the crime" (Penal Law § 125.27 [1] [b]). Defendant had reached his 18th birthday and was thus "more than eighteen years old at the time of the commission of the crime" (Penal Law § 125.27 [1] [b]; *see, People v Bell*, 172 Misc 2d 25, 29; *People v Carr*, 159 Misc 2d 1093, 1094-1095). The court also properly denied defendant's motion to dismiss the attempted murder count based upon the unconstitutional plea bargain provisions of the death penalty statute. Defendant was not exposed to the risk of a death sentence as the

result of exercising his right to a jury trial (*cf., Matter of Hynes v Tomei,* 92 NY2d 613, *cert denied* 527 US 1015).

The court properly denied that part of defendant's motion to dismiss the attempted murder count made at the close of the proof, on the ground that the proof of defendant's intent to kill is legally insufficient (*see, People v Cabassa,* 79 NY2d 722, 728, *cert denied sub nom. Lind v New York,* 506 US 1011). The court also properly denied that part of the motion to dismiss the first count, alleging attempted robbery in the first degree (Penal Law §§ 110.00, 160.15 [4]), on the ground that the proof was legally insufficient (*see, People ex rel. Shaffer v Kuhlmann,* 173 AD2d 1034, 1035, *lv denied* 78 NY2d 856). The proof established that defendant attempted to forcibly steal money from the Summerville Grille by displaying what appeared to be a pistol or revolver to a person defendant mistakenly believed to be a Summerville Grille employee (*see,* Penal Law § 160.00 [2]; § 160.15 [4]). Defendant's remaining challenges to the legal sufficiency of the proof have not been preserved for our review (*see,* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10, 19). Upon our review of the record, we conclude that the verdict is not against the weight of the evidence (*see, People v Bleakley,* 69 NY2d 490, 495). The court properly denied that part of the omnibus motion to suppress physical evidence seized from the residence of defendant's grandfather. The record supports the court's determinations that the grandfather consented to the search of the premises (*see, People v Kemp,* 273 AD2d 806) and that defendant had no legitimate expectation of privacy in the duffel bag belonging to his girlfriend (*see, People v Ramirez-Portoreal,* 88 NY2d 99, 109). The court properly exercised its discretion in denying that part of defendant's omnibus motion to sever the trial of the charges arising from the two incidents (*see, People v Snyder,* 273 AD2d 840, *lv denied* 95 NY2d 858; *People v O'Connor,* 242 AD2d 908, 909, *lv denied* 91 NY2d 895). The court properly instructed the jury with respect to the serious physical injury element of assault in the first degree (*see,* CJI[NY] PL 120.10 [4], at 120-1075 [2d ed]). We reject the contention that the court erred in permitting the People to elicit testimony concerning the source of the weapon used by defendant without obtaining a *Ventimiglia* ruling. That testimony "was necessary 'to complete the narrative of the episode' (*People v Gines,* 36 NY2d 932, 932-933)" (*People v Brown,* 277 AD2d 974 [decided herewith]). The sentence is not unduly harsh or severe. (Appeal from Judgment of Supreme Court, Monroe County, Cornelius, J.—Attempted Murder, 1st Degree.) Present—Green, J. P., Wisner, Hurlbutt, Scudder and Kehoe, JJ.