■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GLENN A. MILLER, Appellant. [909 NYS2d 658]—

Appeal by the defendant from a judgment of the Supreme Court, Richmond County (Collini, J.) rendered November 13, 2007 convicting him of rape in the first degree (two counts),

criminal sexual act in the first degree, burglary in the first degree, and grand larceny in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the Supreme Court properly denied his motion for a mistrial based on a prosecution witness's brief mention of the defendant's possible past criminal activity. Any possible prejudice to the defendant was alleviated when the Supreme Court sustained the defendant's objection and offered to take further curative action (*see People v Young*, 48 NY2d 995, 996 [1980]; *cf. People v Blasich*, 73 NY2d 673, 682 [1989]; *People v Santiago*, 52 NY2d 865, 866 [1981]; *People v Ragsdale*, 68 AD3d 897, 898 [2009]). If the defendant was of the view that the remedy provided was insufficient, he should have sought further or more complete curative instructions (*see People v Santiago*, 52 NY2d at 866). We disagree with the defendant's assertion that a mistrial was the only appropriate remedy (*see People v Young*, 48 NY2d at 996).

The defendant contends that he was deprived of a fair trial by the elicitation of evidence of the complainant's mental and physical condition after the rape and assault, and by statements of the prosecutor during summation. However, since the defendant did not object to the admissibility of the challenged evidence, any alleged error with respect thereto is unpreserved for appellate review (*see* CPL 470.05 [2]). In any event, the elicited testimony was properly admitted to prove the elements of the crimes with which the defendant was charged (*see People v Jettoo*, 205 AD2d 555 [1994]; *People v Jones*, 188 AD2d 364 [1992]). Further, the remarks by the prosecutor in summation were fair comment on the evidence and constituted legitimate responses to defense counsel's summation (*see People v Halm*, 81 NY2d 819, 821 [1993]; *People v Molinaro*, 62 AD3d 724, 725 [2009]; *People v Hill*, 286 AD2d 777, 778 [2001]; *People v Peterson*, 186 AD2d 231, 232 [1992], *affd* 81 NY2d 824 [1993]; *People v Rawlings*, 144 AD2d 500 [1988]).

The defendant was not deprived of the effective assistance of counsel, as the record reveals that defense counsel provided meaningful representation (*see People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Baldi*, 54 NY2d 137, 147 [1981]).

Contrary to the defendant's contention, it was not illegal for the Supreme Court to make the sentence imposed on his conviction of burglary in the first degree to run consecutively to the sentences imposed on his convictions of rape in the first degree and criminal sexual act in the first degree (*see* Penal Law § 70.25 [1]; § 140.30 [2]; § 130.35 [1]; § 130.50 [1]; *People v Taveras*, 12

NY3d 21, 25 [2009]; *People v Laureano*, 87 NY2d 640, 643 [1996]). Santucci, J.P., Balkin, Leventhal and Austin, JJ., concur.