■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARVIN DUBOIS, Appellant. [983 NYS2d 734]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Del Giudice, J.), rendered June 3, 2009, convicting him of assault in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant failed to preserve for appellate review his contention that a police witness was improperly permitted to identify him as the individual depicted on a surveillance recording of an apartment building near the scene of the crime (*see* CPL 470.05 [2]; *People v Serrano*, 74 AD3d 1104, 1106 [2010]). In any event, the contention is without merit (*see People v Magin*, 1 AD3d 1024, 1025 [2003]; *People v Morgan*, 214 AD2d 809, 810 [1995]; *People v Russell*, 165 AD2d 327, 332, 336 [1991], *affd* 79 NY2d 1024 [1992]).

Contrary to the defendant's contention, the Supreme Court providently exercised its discretion in denying his motion for a mistrial based on a prosecution witness's brief mention of the defendant's previous arrest record (*see People v Santiago*, 52 NY2d 865, 866 [1981]; *People v Ray*, 100 AD3d 933, 933-934 [2012]; *People v Hicks*, 84 AD3d 1402 [2011]; *People v Redmon*, 81 AD3d 752 [2011]). Any possible prejudice to the defendant was ameliorated when the Supreme Court sustained the defendant's objection, struck that portion of the witness's testimony, and provided a curative instruction to the jury (*see People v Santiago*, 52 NY2d at 866; *Hall v Potoker*, 49 NY2d 501, 506 [1980]; *People v Ray*, 100 AD3d at 933-934), which the jury is presumed to have followed (*see People v Townsend*, 100 AD3d 1029, 1030 [2012]). If the defendant was of the view that the remedy provided was insufficient, he should have sought additional curative instructions (*see People v Santiago*, 52 NY2d at 866; *People v Miller*, 78 AD3d 733, 734 [2010]).

The defendant's contention that the sentence imposed was improperly based on the crimes of which he was acquitted is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Harris*, 101 AD3d 900 [2012]) and, in any event, is without merit (*see People v Morgan*, 27 AD3d 579 [2006]; *People v*

*Robinson,* 250 AD2d 629 [1998]). Moreover, the sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]).

Contrary to the defendant's contentions in his pro se supplemental brief, the Supreme Court properly instructed the jury regarding the elements of assault in the first degree (*see* CJI2d[NY] Penal Law § 120.10; *People v Gatti,* 277 AD2d 1041, 1042 [2000]), and the record indicates that the prosecutor acted diligently and in good faith in producing the surveillance video upon his discovery of it (*see* CPL 240.20 [1] [g]; [2]; *People v Aulet,* 221 AD2d 281, 283 [1995]).

The defendant's contention in his pro se supplemental brief that the surveillance video and the investigating detective's notes regarding it constituted *Brady* material (*see Brady v Maryland,* 373 US 83 [1963]) is contradicted by the record. That evidence did not constitute *Brady* material because it was not exculpatory or impeaching in nature (*see People v Hayes,* 17 NY3d 46, 50 [2011], *cert denied* 565 US —, 132 S Ct 844 [2011]; *People v Hunter,* 11 NY3d 1, 5 [2008]; *People v LaValle,* 3 NY3d 88, 109-110 [2004]). Furthermore, the defendant was not prejudiced by the prosecution's delay in turning over these items, because there was no reasonable probability that the delay contributed to the verdict (*see People v Negron,* 112 AD3d 741, 744 [2013]).

The defendant's remaining contentions, including the contentions raised in his pro se supplemental brief, are unpreserved for appellate review, and, in any event, without merit. Mastro, J.P., Balkin, Sgroi and LaSalle, JJ., concur.