■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JONATHAN SMITH, Appellant. [40 NYS3d 177]—Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Gugerty, J.), rendered April 9, 2015, convicting him of criminal contempt in the first degree, criminal contempt in the second degree, tampering with a witness in the fourth degree, and harassment in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the Supreme Court improvidently exercised its discretion in removing him from the courtroom is without merit (*see* CPL 260.20; *People v Byrnes*, 33 NY2d 343, 349-350 [1974]). The record shows that the defendant, by his conduct, forfeited his right to be present at his trial (*see People v Baxter*, 102 AD3d 805, 805 [2013]; *People v Mitchell*, 69 AD3d 761, 762 [2010]).

Contrary to the defendant's contention, the Supreme Court providently exercised its discretion in denying his motion for a mistrial. "The decision whether to declare a mistrial necessarily rests in the broad discretion of the trial court, which is best situated to consider all the circumstances, and its determination is entitled to great weight on appeal" (*People v Diggs*, 25 AD3d 807, 808 [2006]; *see People v Brown*, 76 AD3d 532, 533 [2010]). The complainant's reference to the defendant's possible uncharged crimes during her testimony was brief, defense counsel failed to immediately move for a mistrial, and, once defense counsel moved for a mistrial, the court took curative

action (see *People v Santiago*, 52 NY2d 865, 866 [1981]; *People v Dubois*, 116 AD3d 878, 878 [2014]; *People v Brown*, 106 AD3d 755, 755-756 [2013]; *People v Hicks*, 84 AD3d 1402, 1402-1403 [2011]; *People v Miller*, 78 AD3d 733, 734 [2010]; *People v Guzman*, 239 AD2d 431, 431 [1997]). Dillon, J.P., Roman, Hinds-Radix and Connolly, JJ., concur.