People v Pellis (2018 NY Slip Op 01710)





People v Pellis


2018 NY Slip Op 01710


Decided on March 16, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, DEJOSEPH, NEMOYER, AND WINSLOW, JJ.


55 KA 15-01386

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CHARLES PELLIS, DEFENDANT-APPELLANT. 






THOMAS J. EOANNOU, BUFFALO, FOR DEFENDANT-APPELLANT.
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (MATTHEW B. POWERS OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Erie County (Christopher J. Burns, J.), rendered April 23, 2015. The judgment convicted defendant, upon a jury verdict, of robbery in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of robbery in the second degree (Penal Law
§ 160.10 [1]). Contrary to defendant's contention, the People complied with their obligation to be ready for trial within six months of the commencement of the criminal action (see CPL 30.30 [1] [a]). The People concede a 154-day prereadiness delay, and we agree with the People that there was no postreadiness delay. Defendant's challenge to the time period from April 4, 2014 to June 10, 2014 is raised for the first time on appeal and thus is not preserved for our review, and we decline to exercise our power to review it as a matter of discretion in the interest of justice (see People v Rivera, 223 AD2d 476, 476 [1st Dept 1996], lv denied 88 NY2d 852 [1996]). The period of alleged postreadiness delay from June 10, 2014 to September 2, 2014 is not chargeable to the People because the People exercised due diligence in securing defendant's return to Erie County as soon as practicable once he was located in Texas (see CPL 30.30 [4] [e]). The record therefore establishes that "the total period of time chargeable to the People is less than six months" (People v Hewitt, 144 AD3d 1607, 1608 [4th Dept 2016], lv denied 28 NY3d 1185 [2017] [internal quotation marks omitted]).
Contrary to defendant's contention, Supreme Court did not abuse its discretion in denying his three motions for a mistrial. " The decision whether to declare a mistrial necessarily rests in the broad discretion of the trial court, which is best situated to consider all the circumstances, and its determination is entitled to great weight on appeal' " (People v Smith, 143 AD3d 1005, 1005 [2d Dept 2016], lv denied 28 NY3d 1189 [2017]).
Finally, viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Entered: March 16, 2018
Mark W. Bennett
Clerk of the Court