. THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. VINCENT CIRAULO, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered June 11, 1971, convicting him of grand larceny in the third degree, upon a verdict of guilty, and imposing sentence. Judgment reversed, on the law, and new trial granted. During the course of the trial, defendant sought to present one Benjamin Seewold as a witness for the defense. Seewold, a codefendant, had pleaded guilty to a lesser charge and had been sentenced approximately one month prior to the trial. When Seewold appeared, having been obtained from the custody of Federal authorities, he stated, on the advice of counsel and out of the hearing of the jury, that he did not wish to testify. Although the reason was not articulated, it was apparently understood by all concerned that he relied upon his privilege against self-incrimination. Despite the protestations of defense counsel that he wished to have the witness take the stand so that he could propound questions to him, the court refused, on the basis, in essence, that no valid purpose would be served thereby. In our opinion, under the circumstances herein, such refusal constituted reversible error. While it may well be that the court's action would have been proper had the witness clearly possessed a valid basis upon which to assert his privilege against self-incrimination (see *Coile* v. *United States*, 100 F. 2d 806), that is not the case herein. Since the witness had pleaded guilty and had been sentenced for a crime arising out of the very transactions about which he was to be questioned, there appears to have been no valid basis for his assertion of the privilege (*United States* v. *Hoffman*, 385 F. 2d 501, cert. den. 390 U. S. 1031; *United States* v. *Gernie*, 252 F. 2d 664, 670, cert. den. 356 U. S. 968; *United States* v. *Cioffi*, 242 F. 2d 473, 477; *United States* v. *Romero*, 249 F. 2d 371, 375). It does not appear that any appeal was taken by Seewold from the judgment convicting him. It is conceivable that the privilege claim may have been based upon the possibility of conviction for other crimes, however there is nothing in the record upon which to base such a conclusion. If there was indeed any valid basis for the assertion of the privilege, that determination could only have been made by the trial court during the course of the examination of the witness. In addition, upon the new trial the District Attorney may be in a position to strengthen his case by proof that defendant actually was the Al Rosen who allegedly had signed the dishonored check in issue by virtue of which the larceny charged was effected. Latham, Acting P. J., Shapiro, Gulotta, Christ and Brennan, JJ., concur.