■ The People of the State of New York, Respondent, v Jihad Haddad, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (McInerney, J.), rendered September 10, 1985, convicting him of criminal sale of a controlled substance in the second degree and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, without a hearing, of the defendant's motion pursuant to CPL 330.30 (3) to set aside the verdict.

Ordered that the judgment is affirmed.

No error was committed in admitting into evidence tape recordings of conversations among the undercover officer, the informant and the defendant, where the tapes were sufficiently audible and distinct so that the jury need not have speculated as to the contents thereof, and the officer testified that the conversations were accurately and fairly reproduced *(see, People v Ely,* 68 NY2d 520; *People v McGee,* 49 NY2d 48, *cert denied sub nom. Waters v New York,* 446 US 942; *People v Beasley,* 98 AD2d 946, *affd* 62 NY2d 767; *People v Bazelais,* 98 AD2d 802).

Nor was it error to summarily deny the defendant's motion to set aside the jury's verdict pursuant to CPL 330.30 (3) on the basis of newly discovered evidence. The evidence offered in support of that motion was hearsay, and at best would have served only to impeach or contradict evidence adduced at trial

*(see, People v Salemi,* 309 NY 208, *cert denied* 350 US 950; *People v Williams,* 35 AD2d 1023).

Finally, while the defense counsel may have engaged in certain trial strategies which in hindsight may not have been wise, the record in this case, viewed in its totality, reveals that the defendant was provided with meaningful representation *(People v Baldi,* 54 NY2d 137; *see also, People v Smith,* 59 NY2d 156).

The defendant's contention that the trial court erred in charging the jury regarding the evaluation of character evidence has not been preserved for appellate review (CPL 470.05 [2]), and is, in any event, without merit *(see, People v Aharonowicz,* 133 AD2d 117 [decided herewith]).

We have considered the defendant's remaining contentions and find them to be either without merit or unpreserved for our review. Bracken, J. P., Weinstein, Spatt and Harwood, JJ., concur.