■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGELO CONSIGLIO, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (McInerney, J.), rendered April 28, 1986, convicting him of criminal sale of a controlled substance in the second degree (two counts), criminal sale of a controlled substance in the third degree, and criminal possession of a controlled substance in the third degree (three counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

An undercover police officer testified that he listened to each of the challenged tape recordings after they had been made, removed the tabs from the cassettes to prevent alteration, placed them in his locker to which only he had the key, and some time later, placed the tapes in an evidence bag, stapled it, and brought it to the property bureau. He further testified that the evidence bag was in the same condition when

he picked it up as when he deposited it and he relistened to the tape prior to trial and found it to be a fair and accurate recording of the conversation (see, People v Ely, 68 NY2d 520, 527-528; People v McGee, 49 NY2d 48, 59, cert denied sub nom. Waters v New York, 446 US 942; People v Torres, 136 AD2d 664, 666, lv dismissed 71 NY2d 903; People v Haddad, 133 AD2d 124). The gap in the chain of custody while the tapes were in the control of the property bureau affected the weight but not the admissibility of the tapes (People v Ely, supra, at 528; People v McGee, supra, at 60; People v Torres, supra, at 666; People v Haddad, supra). Accordingly the tape recordings were properly admitted into evidence.

The record is silent regarding the events leading up to the decision to have the defendant testify and therefore we cannot conclude on this basis that the defendant was denied the effective assistance of counsel. However, the record in this case, viewed in its totality, does not indicate that he was denied the effective assistance of counsel (see, People v Rivera, 71 NY2d 705, 708; People v Benn, 68 NY2d 941, 942; People v Baldi, 54 NY2d 137, 146-147).

Finally, the defendant's sentences were appropriate in light of his criminal history and the circumstances involved (see, People v Suitte, 90 AD2d 80, 86; People v Roman, 84 AD2d 851). Lawrence, J. P., Eiber, Spatt and Balletta, JJ., concur.