■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v VINCENT ACOSTA, Appellant.—Judgment, Supreme Court, Bronx County (Bonnie Wittner, J.), rendered February 23, 1989, convicting defendant, after a jury trial, of rape in the first degree, sodomy in the first degree and robbery in the first degree, and sentencing him to concurrent prison terms of 8⅓ to 25 years on the rape and sodomy convictions, and a consec-

utive prison term of 3 to 9 years on the robbery conviction, unanimously affirmed.

Two uniformed police officers were sitting in a parked patrol car when they noticed the complainant walking, on crutches, to a pay phone. After the complainant made the call, the officers observed defendant cross the street and walk beside her until they eventually lost sight of both of them. Thereafter, defendant forced complainant, at gunpoint, into an apartment building, assaulted, sodomized, raped and robbed her.

The evidence of defendant's guilt was legally sufficient. *(People v Patterson,* 155 AD2d 363.) While defendant highlights several inconsistencies in the testimony, these inconsistencies were minor and it was within the province of the jury to resolve them. Further, while no sperm was found, either in complainant's body or on her clothing, she testified that she had washed herself before she was examined, and there was other physical evidence which was consistent with defendant's guilt of the instant crimes.

The testimony of one of the officers who had seen the defendant prior to the assault, that defendant matched the complainant's description of the assailant, was not improper bolstering pursuant to *People v Trowbridge* (305 NY 471), since the officer was testifying as to his own personal observations. *(People v Candelario,* 156 AD2d 191, *lv denied* 75 NY2d 964.)

The imposition of consecutive sentences was proper and warranted under the circumstances *(see,* Penal Law § 70.25 [2]; *People v Day,* 73 NY2d 208). Concur—Sullivan, J. P., Carro, Wallach and Rubin, JJ.