■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALFORD ABNEY, Appellant. [597 NYS2d 431] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Leahy, J.), rendered May 21, 1990, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the People failed to prove his identity as the person who sold cocaine to an undercover

police officer on March 15, 1989. Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). The issue of the discrepancy between the defendant's appearance and the description of the seller recorded by the police was presented to the jury. Upon the exercise of our factual review power, we are satisfied that the verdict of guilt is not against the weight of the evidence *(see,* CPL 470.15 [5]).

We disagree with the defendant's contention that the trial court improperly limited the cross-examination of certain prosecution witnesses. The scope of cross-examination rests largely in the sound discretion of the court *(see, People v Mandel,* 48 NY2d 952, *cert denied* 446 US 949; *People v Quevas,* 178 AD2d 441; *People v Holmes,* 138 AD2d 630), and we find that the court did not improvidently exercise its discretion. Finally, there is no merit to the contention that the court's instructions to the jury diluted the People's burden of proof. Sullivan, J. P., O'Brien, Pizzuto and Santucci, JJ., concur.