(June 29, 1995)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIKE WILLIAMS, Also Known as ANDREW CHISOLM, Also Known as THOMAS CHISOLM, Appellant. [629 NYS2d 230] —Upon remittitur from the Court of Appeals, judgment, Supreme Court, Bronx County (Vincent Vitale, J.), rendered February 21, 1990, convicting defendant, after a jury trial, of robbery in the second degree, and sentencing him, as a persistent felony offender, to a term of 8 years to life, and judgment, Supreme Court, Bronx County (John Collins, J.), rendered February 27, 1990, convicting defendant, after a jury trial, of robbery in the first degree and robbery in the third degree, and, upon his plea of guilty, of attempted escape in the first degree, and sentencing him to concurrent terms of 10 years to life, $3^1/_2$ to 7 years and $1^1/_2$ to 3 years, respectively, to run consecutively to the sentence imposed by Vitale, J., unanimously affirmed.

Defendant's contention that a reasonable person could not have thought that the portion of the umbrella displayed dur-

ing the robbery was the barrel of a gun is without merit. The display element under Penal Law § 160.10 (2) (b) is satisfied when it is shown that the defendant consciously displayed something that could reasonably be perceived as a firearm with the intent of forcibly taking property, and when it appeared to the victim "by sight, touch or sound" that he or she was being threatened by a gun (*People v Baskerville*, 60 NY2d 374, 381). Here, this element was satisfied by the complainant's testimony, credited by the jury, that defendant held a "round metal piece" about a half inch in diameter in his hand, which was inside his coat sleeve, and that the complainant, upon hearing defendant demand that she turn over her money, believed the object to be a gun.

Defendant's claim that testimony of the arresting officer had an improper "bolstering effect" is unpreserved, and in any event without merit since the officer was referring to his own observations prior to arresting defendant (*People v Acosta*, 174 AD2d 363, 364, *lv denied* 78 NY2d 1073).

The prosecutor's summation remarks referred to on appeal were fair responses to credibility matters initially raised by the defense.

Defendant's claim that the trial court's charge on the firearm display element was improper is unpreserved, and in any event without merit. The instruction that one element to be satisfied was "that in the course of the commission of such forcible stealing, the defendant displayed what appeared to be a pistol" was a verbatim recitation of the statutory language (*see*, Penal Law § 160.10 [2] [b]), and adequately conveyed the appropriate standard. Nor did the court's identification charge contain insufficient instructions (*People v Navallo*, 186 AD2d 156). Concur—Murphy, P. J., Sullivan, Rosenberger and Wallach, JJ.