■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERMAINE FAULK, Appellant. [679 NYS2d 333] —Appeal by the defendant from a judgment of the County Court, Westchester County (Murphy, J.), rendered June 27, 1996, convicting him of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fifth degree, and unlawful possession of marihuana, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a

reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

Additionally, a witness can invoke his privilege against self-incrimination when the failure to do so would subject him to a real possibility of criminal prosecution (*see, United States v Miranti,* 253 F2d 135; *People v Ciraulo,* 40 AD2d 834). Further, the witness is generally the best judge of whether an answer may tend to be incriminating, though the witness may be required to establish a factual predicate where the danger of incrimination is not readily apparent (*see, People v Arroyo,* 46 NY2d 928; *State of New York v Carey Resources,* 97 AD2d 508). Here, the trial court correctly allowed a potential defense witness to invoke his Fifth Amendment right to refuse to testify, as the danger of incrimination was readily apparent.

The defendant's sentence was not excessive (*see, People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Ritter, J. P., Thompson, Pizzuto and McGinity, JJ., concur.