Appeal from a judgment of Supreme Court, Monroe County (Mark, J.), entered September 7, 2001, convicting defendant after a jury trial of, inter alia, burglary in the third degree.
It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting *1025 him following a jury trial of burglary in the third degree (Penal Law § 140.20), criminal mischief in the fourth degree (§ 145.00) and petit larceny (§ 155.25). The People established that photographs made from the surveillance videotape were accurate depictions of the images on the videotape and thus, contrary to defendant’s contention, the photographs extracted from the videotape were properly admitted in evidence (see People v Patterson, 93 NY2d 80, 84 [1999]; People v Carelock, 278 AD2d 851 [2000], lv denied 96 NY2d 757 [2001]). Defendant failed to preserve for our review his contention that the photographic array was unduly suggestive (see CPL 470.05 [2]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see 470.15 [6] [a]). Because “there [was] some basis for concluding that the [police officer was] more likely to correctly identify the defendant from the photograph[s] than [was] the jury,” Supreme Court properly permitted the officer to identify defendant from the photographs (People v Morgan, 214 AD2d 809, 810 [1995], lv denied 86 NY2d 783 [1995]; see People v Sampson, 289 AD2d 1022, 1023 [2001], lv denied 97 NY2d 733 [2002]). The court also properly permitted testimony concerning three uncharged burglaries as identification evidence. Defendant’s modus operandi “was sufficiently unique to tend to establish [defendant’s] identity,” thus rendering applicable the identity exception to the general rule concerning the inadmissibility of evidence of uncharged crimes (People v Beam, 57 NY2d 241, 250 [1982]). Finally, we conclude that defendant received effective assistance of counsel (see generally People v Baldi, 54 NY2d 137, 147 [1981]). Present—Wisner, J.E, Hurlbutt, Scudder, Gorski and Lawton, JJ.