■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHNNY RUIZ, Appellant. [777 NYS2d 193]—

Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Molea, J.), rendered November 16, 2001, convicting him of robbery in the first degree (eight counts) and robbery in the second degree (four counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The Supreme Court properly admitted security videotapes from a certain hospital into evidence to rebut the defendant's claim that he was at that hospital during the time of the robbery (*see People v Patterson,* 93 NY2d 80, 84 [1999]; *People v*

*Ely,* 68 NY2d 520 [1986]; *People v McGee,* 49 NY2d 48 [1979], *cert denied sub nom. Waters v New York,* 446 US 942 [1980]; *People v Fondal,* 154 AD2d 476 [1989]; *People v Torres,* 136 AD2d 664 [1988]). Furthermore, the Supreme Court properly admitted the testimony of an arresting police officer who had personal knowledge of the defendant's appearance as of the time of his arrest that he did not see the defendant on the videotapes, as his testimony served to aid the jury in making an independent assessment as to whether the defendant appeared on the videotapes (*see People v Russell,* 79 NY2d 1024 [1992]; *People v Rivera,* 259 AD2d 316 [1999]; *People v Morgan,* 214 AD2d 809 [1995]).

The defendant contends that the Supreme Court should have compelled the testimony of a defense witness who invoked his Fifth Amendment privilege against self-incrimination. This argument is unpreserved for appellate review (*see* CPL 470.05 [2]). In any event, the Supreme Court properly accepted the invocation of the privilege by the witness, since testifying would have subjected him to a real possibility of criminal prosecution (*see People v Arroyo,* 46 NY2d 928 [1979]; *People v Faulk,* 255 AD2d 333 [1998]; *see also Hoffman v United States,* 341 US 479, 486-487 [1951]).

The defendant's contention that the evidence was legally insufficient to establish his guilt beyond a reasonable doubt is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Santos,* 86 NY2d 869, 870 [1995]; *People v Gray,* 86 NY2d 10, 20-21 [1995]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The defendant's remaining contentions, including those raised in his pro se brief, either are unpreserved for appellate review or without merit. Santucci, J.P., S. Miller, Cozier and Rivera, JJ., concur.