■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWIN NEGRON, Appellant. [866 NYS2d 634]—

Judgment, Supreme Court, New York County (Eduardo Padro, J.), rendered September 5, 2006, convicting defendant, after a jury trial, of burglary in the second degree, and sentencing him, as a persistent violent felony offender, to a term of 20 years to life, unanimously affirmed.

By failing to object, or by failing to make a specific objection, defendant failed to preserve his challenges to certain portions of the victim's testimony, including defendant's constitutional claims, and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits. None of the victim's testimony concerning his observations of the behavior of the apartment's other occupants constituted hearsay or was otherwise inadmissible. To the extent defendant is challenging the sufficiency of the evidence, that claim is likewise unpreserved and without merit. The victim's testimony, coupled with circumstantial evidence (*see e.g. People v Torres*, 33 AD3d 318 [2006], *lv denied* 7 NY3d 929 [2006]), clearly established that defendant entered the apartment without

anyone's permission and with the contemporaneous intent to commit a crime.

The court properly declined to submit criminal trespass as a lesser included offense, since there was no reasonable view of the evidence that defendant entered the apartment unlawfully, but without the intent to commit a crime. Although defendant now asserts there was a reasonable view that he entered as a guest of a nontestifying occupant, but then remained unlawfully, he did not preserve that argument (*see People v Liner*, 262 AD2d 250 [1999], *lv denied* 93 NY2d 1021 [1999]), and we decline to review it in the interest of justice. As an alternative holding, we also reject it on the merits, as being based entirely on speculation.

We perceive no basis for reducing the sentence. Concur—Mazzarelli, J.P., Andrias, Nardelli, Buckley and Freedman, JJ.