■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CARLOS LUGO, Appellant. [916 NYS2d 596]—

Judgment, Supreme Court, New York County (Edward J. Mc-Laughlin, J.), rendered November 26, 2009, convicting defendant, after a jury trial, of burglary in the first degree, and sentencing him to a term of seven years, unanimously affirmed.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's credibility determinations. Defendant argues that the evidence shows he unintentionally entered an apartment while lunging at another person. However, the evidence warrants the conclusion that, acting with a continuing intent to commit the crime of assault, defendant deliberately entered the apartment in pursuit of his intended victim. Defendant traveled from the apartment's doorway to its kitchen, where he stabbed another man who was trying to protect the intended victim.

The court properly declined to submit second-degree criminal trespass as a lesser included offense of burglary. There was no

reasonable view of the evidence that defendant entered the building or the apartment unlawfully, while at the same time acting without the intent to commit a crime (*see People v Negron,* 55 AD3d 464, 465 [2008], *lv denied* 11 NY3d 928 [2009]). There is no evidence to suggest that defendant had any noncriminal purpose for making either entry.

Defendant's proposed response to a note from the deliberating jury was insufficient to preserve his present complaints about the court's supplemental instruction (*see People v Hoke,* 62 NY2d 1022 [1984]). We decline to review these unpreserved claims in the interest of justice. As an alternative holding, we find the court provided a meaningful response that could not have caused defendant any prejudice.

Nothing in the prosecutor's summation warrants reversal (*see generally People v Overlee,* 236 AD2d 133 [1997], *lv denied* 91 NY2d 976 [1998]; *People v D'Alessandro,* 184 AD2d 114, 118-119 [1992], *lv denied* 81 NY2d 884 [1993]). The court properly exercised its discretion in denying defendant's mistrial motion, based on the prosecutor's comments on a witness's demeanor. Those comments drew reasonable inferences, and did not imply that defendant had intimidated the witness. Defendant also objected to certain remarks as going outside the record. However, those remarks likewise drew reasonable inferences from the evidence. Defendant's remaining challenges to the prosecutor's summation are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits.

The court properly exercised its discretion in denying the mistrial motion that defendant made after the prosecutor asked a witness an allegedly prejudicial question. At the court's direction, the prosecutor withdrew the question and the witness never answered it. We find that the unanswered question did not deprive defendant of a fair trial. Concur—Gonzalez, P.J., Friedman, Catterson, Renwick and Abdus-Salaam, JJ.