◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALFONSO AUSTIN, Appellant. [954 NYS2d 480]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Holder, J.), rendered June 4, 2009,

convicting him of assault in the first degree, assault in the second degree (two counts), resisting arrest, and false personation, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Grosso, J.), of that branch of the defendant's omnibus motion which was to suppress identification evidence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the hearing court properly denied that branch of his omnibus motion which was to suppress identification evidence. The hearing court correctly determined that the arresting officers initially had a "founded suspicion" of possible criminal activity, creating a common-law right of inquiry, based on the fact that the defendant matched the suspect's description and was located near the site of the subject criminal actions just minutes after they occurred (*People v Pines*, 99 NY2d 525 [2002]; *see People v De Bour*, 40 NY2d 210 [1976]). Further, the hearing court properly determined that the officers' level of inquiry escalated to the level of reasonable suspicion based upon the defendant's conduct of ducking behind a building and then walking away from them quickly (*see People v Pines*, 99 NY2d at 526). Once the police temporarily detained the defendant, they possessed probable cause to arrest him based upon, inter alia, a showup identification made by the complainant (*see* CPL 140.10 [1] [b]; *People v De Bour*, 40 NY2d at 223; *People v Nunez*, 82 AD3d 1128, 1129 [2011]; *People v Hill*, 41 AD3d 733, 734 [2007]).

The defendant's contention that the Supreme Court erred in permitting improper bolstering testimony is unpreserved for appellate review and, in any event, is without merit. The officer's testimony did not constitute improper bolstering pursuant to *People v Trowbridge* (305 NY 471 [1953]; *see People v Williams*, 216 AD2d 211, 212 [1995]; *People v Acosta*, 174 AD2d 363 [1991]).

The defendant's contention concerning an alleged *Brady* violation (*see Brady v Maryland*, 373 US 83 [1963]) is unpreserved for appellate review and, in any event, is without merit.

The defendant received the effective assistance of counsel (*see People v Turner*, 5 NY3d 476, 480 [2005]; *People v Baldi*, 54 NY2d 137 [1981]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Florio, J.P., Leventhal, Austin and Roman, JJ., concur.