Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Hinrichs, J.), rendered January 4, 2011, convicting him of criminal sexual act in the second degree, sexual abuse in the second degree, sexual abuse in the third degree, and endangering the welfare of a child, upon a jury verdict, and imposing sentence.
Ordered that the judgment is affirmed.
*908 Contrary to the defendant’s contentions, the trial court did not improperly limit the cross-examination of the complainant. The scope of cross-examination rests largely in the sound discretion of the trial court (see People v Mandel, 48 NY2d 952 [1979], cert denied 446 US 949 [1980]; People v Abney, 193 AD2d 608 [1993]; People v Holmes, 138 AD2d 630 [1988]), and we conclude that the court did not improvidently exercise its discretion. Further, the testimony of the People’s witnesses did not improperly inferentially bolster the complainant’s accusations. The testimony was properly admitted not for its truth but, rather, to explain police actions and the sequence of events leading to the defendant’s arrest (see People v Tosca, 98 NY2d 660 [2002]; People v Chandler, 59 AD3d 562 [2009]; People v Wright, 54 AD3d 695 [2008]).
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant’s guilt, beyond a reasonable doubt, of criminal sexual act in the second degree (see Penal Law § 130.45 [1]), sexual abuse in the second degree (see Penal Law § 130.60), sexual abuse in the third degree (see Penal Law § 130.55), and endangering the welfare of a minor (see Penal Law § 260.10 [1]). In fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury’s opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410 [2004], cert denied 542 US 946 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]). Skelos, J.P., Balkin, Austin and Sgroi, JJ., concur.