THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEYON ALLEYNE, Appellant. [979 NYS2d 845]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Chun, J.), rendered August 3, 2011, convicting him of robbery in the first degree and unlawful possession of marijuana, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the Supreme Court improperly permitted Detective Timothy Ellis and Janel Parande, who were not witnesses to the crime in question, to testify that, in their opinions, the person depicted in a surveillance video was the defendant is unpreserved for appellate review (see CPL 470.05 [2]; People v Ray, 100 AD3d 933, 933 [2012]; People v Serrano, 74 AD3d 1104, 1106 [2010]; People v Kelly, 67 AD3d 706, 707 [2009]) and, in any event, is without merit (see People v Ruiz, 7 AD3d 737, 737 [2004]; People v Magin, 1 AD3d 1024, 1025, People v Rivera, 259 AD2d 316, 316-317 [1999] [2003]). Although the Supreme Court failed to give the appropriate limiting instruction concerning the testimony, any error in that regard was harmless, as there was overwhelming evidence of the defendant's guilt, and no significant probability that the error contributed to the defendant's convictions (see People v Crimmins, 36 NY2d 230, 241-242 [1975]).

The defendant's contention that the Supreme Court erred in permitting testimony by Ellis that improperly bolstered the complainant's testimony identifying the defendant as one of his assailants and constituted impermissible hearsay is unpreserved for appellate review (see CPL 470.05 [2]; People v Austin, 100 AD3d 1010, 1010 [2012]). In any event, the contention is without merit (see People v Lassiter, 74 AD3d 1094, 1094 [2010]; People v Smalls, 293 AD2d 500, 501 [2002]; People v Williams, 216 AD2d 211, 211 [1995]). Also unpreserved for appellate review are the defendant's contentions that the Supreme Court erred in permitting testimony by Ellis regarding a second assailant that improperly bolstered the complainant's testimony identifying the defendant, and constituted impermissible hearsay, and that the Supreme Court erred in permitting Parande's testimony identifying the second assailant. In any event, these contentions are without merit.

As the defendant correctly argues, the prosecutor improperly

suggested in his summation that Parande's identification of the second assailant enhanced the complainant's identification of the defendant (*see People v Fleming*, 76 AD3d 582, 583 [2010]). However, the error was harmless under the circumstances of this case (*see People v Ramirez*, 175 AD2d 849, 849 [1991]).

"The right to effective assistance of counsel is guaranteed by the Federal and State Constitutions" (*People v Rivera*, 71 NY2d 705, 708 [1988]; *see* US Const Sixth Amend; NY Const, art I, § 6; *People v Fields*, 109 AD3d 553, 554 [2013]). Here, the defendant was not deprived of the effective assistance of counsel under the New York Constitution because, viewing defense counsel's performance in totality, counsel provided meaningful representation (*see People v Benevento*, 91 NY2d 708, 712 [1998]; *People v Baldi*, 54 NY2d 137, 147 [1981]; *People v Fields*, 109 AD3d at 554). Further, the defendant was not deprived of the effective assistance of counsel under the United States Constitution (*see Strickland v Washington*, 466 US 668 [1984]).

The defendant's contention that the prosecutor made improper comments during summation is unpreserved for appellate review, as he failed to object to any of the challenged comments (*see* CPL 470.05 [2]; *People v Amico*, 78 AD3d 1190, 1191 [2010]). In any event, any error was harmless because the evidence of the defendant's guilt was overwhelming, and there was no significant probability that the error contributed to the defendant's convictions (*see People v Crimmins*, 36 NY2d 230, 241-242 [1975]; *People v Smith*, 36 AD3d 836, 837 [2007]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Mastro, J.P., Austin, Sgroi and Miller, JJ., concur.