THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EARL WATSON, Appellant. [993 NYS2d 384]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Dowling, J.), rendered July 30, 2012, convicting him of robbery in the first degree, assault in the second degree, criminal possession of a weapon in the fourth degree, and menacing in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant failed to preserve for appellate review his contention that the arresting detective, who was not a witness to the crime in question, was improperly permitted to testify that, in his opinion, an individual depicted in certain photographs derived from a surveillance video was the defendant (*see* CPL 470.05 [2]; *People v Dubois*, 116 AD3d 878 [2014]; *People v Alleyne*, 114 AD3d 804, 804 [2014]). In any event, this contention is without merit (*see People v Alleyne*, 114 AD3d at 804; *People v Ruiz*, 7 AD3d 737, 737 [2004]; *People v Magin*, 1 AD3d 1024, 1025 [2003]; *see generally People v Russell*, 165 AD2d 327, 332-333, 336 [1991], *affd* 79 NY2d 1024 [1992]). Similarly, the defendant's contention that certain testimony from the detective improperly bolstered the male complainant's identification testimony (*see People v Trowbridge*, 305 NY 471 [1953]) is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Totesau*, 112 AD3d 977, 978 [2013]; *People v Fields*, 89 AD3d 861, 861 [2011]) and, in any event, without merit (*see People v Amaya*, 103 AD3d 907, 908 [2013]; *People v Ragsdale*, 68 AD3d 897, 897 [2009]; *People v Chandler*, 59 AD3d 562, 562 [2009]). Moreover, defense counsel's failure to object to the detective's testimony does not constitute ineffective assistance of counsel (*see People v Stultz*, 2 NY3d 277, 287 [2004]; *People v Bedford*, 95 AD3d 1226, 1227 [2012]; *People v Archer*, 82 AD3d 781, 781 [2011]).

The defendant also contends that the evidence was legally insufficient to establish his guilt of menacing in the second degree under Penal Law § 120.14 (1), as that crime was defined in the trial court's instructions to the jury. The jury was improperly instructed that a person is guilty of that crime "when he or she intentionally places or attempts to place another person in reasonable fear of physical injury or serious physical injury or death by displaying a deadly weapon." As the trial court instructed the jury, a deadly weapon is defined, in pertinent part, as "any loaded weapon from which a shot, readily capable of producing death or other serious physical injury, may be discharged" (Penal Law § 10.00 [12]). Menacing in the second degree can also be committed by displaying what appears to be a firearm (*see* Penal Law § 120.14 [1]), but the jury was not so instructed. Where the trial court's instructions to the jury increase the People's burden, and the People fail to object, they must satisfy the heavier burden (*see People v Rodriguez*, 22 NY3d 917, 918 [2013]). However, the defendant's contention that the People failed to satisfy their heavier burden with respect to menacing in the second degree is unpreserved for appellate review (*see* CPL 470.05 [2]), and we decline to reach it in the exercise of our interest of justice jurisdiction (*see* CPL 470.15 [3] [c]; [6]).

The defendant's remaining contention is unpreserved for appellate review and, in any event, without merit. Dickerson, J.P., Leventhal, Cohen and Hinds-Radix, JJ., concur.