■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ENGLISH THOMAS, Appellant. [30 NYS3d 687]—

Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Zambelli, J.), rendered June 3, 2013, convicting him of murder in the second degree, assault in the first degree, burglary in the first degree, and tampering with physical evidence, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant failed to preserve for appellate review his contention that the verdict on his convictions of murder in the second degree, assault in the first degree, and burglary in the first degree was based on legally insufficient evidence because the sole source of the People's proof of guilt was a witness whose testimony was incredible as a matter of law (*see* CPL 470.05 [2]; *People v Gray*, 86 NY2d 10, 19 [1995]; *People v Crawford*, 38 AD3d 680, 681 [2007]). In any event, the defendant's contention is without merit. Rather, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt of these crimes beyond a reasonable doubt, as there existed a " 'valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury on the basis of the evidence at trial' " (*People v Cahill*, 2 NY3d 14, 57 [2003], quoting *People v Bleakley*, 69 NY2d 490, 495 [1987]). Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342, 348-349 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d at 495). Upon reviewing the record here, we are satisfied that the verdict of guilt as to these crimes was not against the

weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]). This was not a case in which all of the evidence of guilt came from a single prosecution witness who gave irreconcilable testimony pointing both to guilt and innocence, leaving the jury without basis, other than impermissible speculation, for its determination of either (*see People v Hampton*, 21 NY3d 277, 288 [2013]; *People v Delamota*, 18 NY3d 107, 114 [2011]; *People v Calabria*, 3 NY3d 80, 82 [2004]).

The Supreme Court did not improvidently exercise its discretion in permitting the defendant's girlfriend at the time of the crimes in question, who did not witness them, to testify that, in her opinion, he was the individual depicted in certain photographs derived from a surveillance video, as there was some basis for concluding that she was more likely than the jury to correctly determine whether the defendant was depicted in the photographs (*see People v Montanez*, 135 AD3d 528 [2016]; *People v Watson*, 121 AD3d 921, 922 [2014]; *People v Alleyne*, 114 AD3d 804 [2014]; *People v Sanchez*, 95 AD3d 241, 249-250 [2012], *affd* 21 NY3d 216 [2013]; *People v Ruiz*, 7 AD3d 737 [2004]; *People v Russell*, 165 AD2d 327, 333 [1991], *affd* 79 NY2d 1024 [1992]).

The defendant's contention that the Supreme Court's response to a jury note regarding the count of burglary in the first degree had the effect of directing a verdict of guilt on that count is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hoke*, 62 NY2d 1022, 1023-1024 [1984]; *People v Lee*, 129 AD3d 1295, 1299 [2015]; *People v Lugo*, 81 AD3d 532, 533 [2011]). In any event, the court's response was appropriate, and the jury is presumed to have followed the court's instructions that it was the exclusive arbiter of the facts (*see People v Arroyo*, 128 AD3d 843, 844 [2015]). Mastro, J.P., Chambers, Roman and Maltese, JJ., concur.