■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRYLL JENNINGS, Appellant. [34 NYS3d 21]—

Judgment, Supreme Court, New York County (A. Kirke Bartley, Jr., J.), rendered January 7, 2014, convicting defendant, after a jury trial, of enterprise corruption, grand larceny in the fourth degree, attempted grand larceny in the second degree (two counts) and attempted grand larceny in the fourth degree, and sentencing him to an aggregate term of two to six years, unanimously affirmed. The matter is remitted to Supreme Court for further proceedings pursuant to CPL 460.50 (5).

The verdict was based on legally sufficient evidence and was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). The evidence supports the conclusion that in each of the instances at issue, defendant instilled, or, where applicable, attempted to instill in the victims one or more of the types of harm set forth in the extortion statute (Penal Law § 155.05 [2] [e]). In particular, the jury could have reasonably concluded that where the victims submitted to defendant's demands for classic "protection" money and other benefits, this acquiescence made no sense unless the victims had been placed in fear by express or implied threats.

Defendant was not deprived of a fair trial by portions of the prosecutor's summation in which he argued that, to the extent certain prosecution witnesses testified that defendant did not instill fear in them, their testimony should not be credited. Regardless of what factual information the prosecutor may have provided in a colloquy outside the jury's presence, the prosecutor did not act as an unsworn witness before the jury, but rather urged the jury to draw fair inferences from the evidence it actually heard (*see People v Lugo*, 81 AD3d 532, 533 [1st Dept 2011], *lv denied* 17 NY3d 807 [2011]; *People v Overlee*, 236 AD2d 133 [1st Dept 1997], *lv denied* 91 NY2d 976 [1998]). The limitations on "impeachment" of one's own witness apply to the use of prior contradictory statements (*see* CPL 60.35), not to record-based summation arguments (*see People v*

*Thomas,* 113 AD3d 447 [1st Dept 2014], *lv denied* 22 NY3d 1159 [2014]).

We perceive no basis for reducing the sentence. Concur— Acosta, J.P., Renwick, Saxe, Richter and Gische, JJ.