■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v AKEEM DANIELS, Appellant. [34 NYS3d 161]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Del Giudice, J.), rendered January 14, 2013, convicting him of criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was convicted of criminal possession of a weapon in the second degree arising out of an incident that took place on May 12, 2011, when gunshots were fired in front of 605 Sutter Avenue in Brooklyn. At trial, the People introduced into evidence a surveillance video and still photographs made from the video, which allegedly depicted the defendant during the incident. The People also introduced excerpts from a recorded telephone call that the defendant made during his detention at Rikers Island Correctional Facility, in which he admitted having fired several shots. This call was made available to the People by the New York City Department of Correction (hereinafter the Department), in accordance with the Department's policy and practice of monitoring inmate's telephone calls, and releasing recordings, upon request, to the City's District Attorneys' Offices.

The defendant contends that the Supreme Court improperly admitted into evidence the recording of the telephone call that he made when he was detained because he was never informed that recordings of the telephone calls that he made while detained may be released to the prosecutor. This contention is unpreserved for appellate review (see CPL 470.05 [2]; People v Johnson, 27 NY3d 199 [2016]; People v Jackson, 125 AD3d 1002, 1003 [2015]), and we decline to review it in the exercise of our interest of justice jurisdiction. To the extent the defendant contends that the admission into evidence of the subject recorded telephone call deprived him of his constitutional right to counsel, he may raise this claim for the first time on appeal (see People v Kinchen, 60 NY2d 772, 773 [1983]; People v Owens, 129 AD3d 995 [2015]). However, the defendant's contention in this regard is without merit (see People v Johnson, 27 NY3d at 205-206).

Contrary to the People's contention, the defendant preserved for appellate review his contention that it was error to allow a police detective to testify that, in his opinion, the defendant was the individual depicted in the surveillance video (see CPL 470.05 [2]). However, the Supreme Court providently exercised its discretion in permitting this testimony, as there was some basis for concluding that the police detective, who knew the defendant from his patrols of the defendant's neighborhood, was more likely than the jury to correctly determine whether the defendant was depicted in the video (see People v Russell, 79 NY2d 1024, 1025 [1992]; People v Thomas, 139 AD3d 764 [2016]; People v Watson, 121 AD3d 921, 922 [2014]). Although the court failed to instruct the jurors that the opinion was

merely to aid their decision based upon all the facts and circumstances of the case and that they were entitled to accept or reject it (*see People v Sanchez*, 21 NY3d 216, 225 [2013]; *People v Russell*, 165 AD2d 327, 336 [1991], *affd* 79 NY2d 1024 [1992]), any error in that regard was harmless, as the evidence of the defendant's guilt was overwhelming, and there was no significant probability that the error contributed to the defendant's conviction (*see People v Crimmins*, 36 NY2d 230, 241-242 [1975]; *People v Alleyne*, 114 AD3d 804, 805 [2014]).

The Supreme Court did not err in denying the defendant's request for a missing witness charge as to an individual who sustained a gunshot wound to his leg during the incident. The defendant met his initial burden of showing that the uncalled witness could be expected to have knowledge regarding a material issue in the case and to provide testimony favorable to the People (*see People v Macana*, 84 NY2d 173, 177 [1994]; *People v Kitching*, 78 NY2d 532, 536-537 [1991]). However, in opposition to this showing, the People demonstrated that the uncalled witness, who had been subpoenaed to appear before the grand jury but failed to cooperate, was not under their control (*see People v Macana*, 84 NY2d at 177; *People v Greene*, 87 AD3d 551, 552 [2011]; *People v Smith*, 71 AD3d 1174, 1175-1176 [2010]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). Mastro, J.P., Dickerson, Austin and Roman, JJ., concur.