People v Epps (2018 NY Slip Op 08029)





People v Epps


2018 NY Slip Op 08029


Decided on November 21, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 21, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
COLLEEN D. DUFFY
ANGELA G. IANNACCI, JJ.


2016-02144
 (Ind. No. 1973/11)

[*1]The People of the State of New York, respondent,
v
Raymond Epps, appellant.


Paul Skip Laisure, New York, NY (Samuel Brown and Cynthia Colt of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Eric C. Washer of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Gregory L. Lasak, J.), rendered February 16, 2016, convicting him of murder in the second degree (two counts), robbery in the first degree, criminal possession of stolen property in the fourth degree (two counts), and grand larceny in the fourth degree (two counts), upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant failed to preserve for appellate review his contention that the Supreme Court improperly permitted a detective, who was not a witness to the crimes in question, to testify that, in his opinion, the person depicted in a surveillance video with the victim was the defendant (see CPL 470.05[2]; People v Alleyne, 114 AD3d 804, 804; People v Ray, 100 AD3d 933, 933). Similarly, the defendant failed to preserve his contention that he was improperly sentenced as a second violent felony offender (see CPL 470.05[2]; People v Samms, 95 NY2d 52, 57; People v Taylor, 132 AD3d 915). We decline to reach these issues in the exercise of our interest of justice jurisdiction.
Contrary to the defendant's contention, he was not deprived of the effective assistance of counsel (see People v Caban, 5 NY3d 143, 152; People v Benevento, 91 NY2d 708, 714; People v Baldi, 54 NY2d 137, 140).
RIVERA, J.P., CHAMBERS, DUFFY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court