People v Roland (2018 NY Slip Op 08694)





People v Roland


2018 NY Slip Op 08694


Decided on December 19, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 19, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
BETSY BARROS
FRANCESCA E. CONNOLLY, JJ.


2016-05313
 (Ind. No. 1677/13)

[*1]The People of the State of New York, respondent,
v
Tyrice D. Roland, appellant.


Jillian S. Harrington, Staten Island, NY, for appellant.
Madeline Singas, District Attorney, Mineola, NY (Judith R. Sternberg and Jason R. Richards of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Helene F. Gugerty, J.), rendered May 3, 2016, convicting him of attempted murder in the second degree, criminal use of a firearm in the first degree, criminal possession of a weapon in the second degree (two counts), criminal possession of a weapon in the third degree (two counts), and reckless endangerment in the first degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
We agree with the Supreme Court's determination to issue an "all-force" order compelling the defendant to submit to a buccal swab for genetic testing purposes (see CPL 240.40[2][b][v]). The record demonstrates that the prosecution timely applied for and obtained an initial order authorizing the buccal swab sampling (see CPL 240.90[1]; People v Beckham, 142 AD3d 556), and that the all-force order was sought only after the defendant repeatedly refused to comply with the initial order. Thus, the prosecution succeeded in demonstrating "good cause" (CPL 240.90[1]) for seeking the all-force order beyond the 45-day period generally applicable to such requests and before the commencement of trial. In any event, the defendant was not prejudiced by any delay by the prosecution in seeking the order (see People v Young, 160 AD3d 1206, 1209; People v Vieweg, 155 AD3d 1305, 1308-1309; People v Ruffell, 55 AD3d 1271, 1272; People v Lewis, 44 AD3d 422, 422-423).
The defendant's contention that the evidence was legally insufficient to support his conviction of reckless endangerment in the first degree is unpreserved for appellate review (see CPL 470.05[2]; People v Gray, 86 NY2d 10). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt of reckless endangerment in the first degree beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt as to that crime was not against the weight of the evidence (see People v Romero, 7 NY3d 633).
The defendant failed to preserve for appellate review his contention that two witnesses were improperly permitted to testify that an individual depicted in certain surveillance videos was the defendant (see CPL 470.05[2]; People v Watson, 121 AD3d 921, 922; People v Dubois, 116 AD3d 878; People v Alleyne, 114 AD3d 804, 804). In any event, this contention is without merit (see People v Watson, 121 AD3d at 922; People v Alleyne, 114 AD3d at 804; People v Ruiz, 7 AD3d 737, 737-738; People v Magin, 1 AD3d 1024, 1025).
The defendant's ineffective assistance of counsel claim, to the extent that it is based upon his counsel's failure to preserve his contention that the evidence was legally insufficient, is without merit (see People v High, 119 AD3d 959, 960; People v Acevedo, 44 AD3d 168, 173; see also People v Caban, 5 NY3d 143, 152, 155-156). Further, contrary to the defendant's contention, our review of the record as a whole demonstrates that he was afforded meaningful representation by trial counsel (see People v Benevento, 91 NY2d 708; People v Baldi, 54 NY2d 137; see also People v Caban, 5 NY3d at 155-156).
The defendant's contention that the sentence imposed by the Supreme Court punished him for exercising his right to a jury trial is without merit. The fact that the sentence imposed after trial was greater than the sentence offered during plea negotiations is not, standing alone, an indication that the defendant was punished for exercising his right to trial (see People v Renaud, 137 AD3d 818, 821; People v Williams, 127 AD3d 1114, 1118; People v Jimenez, 84 AD3d 1268, 1269).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
SCHEINKMAN, P.J., MASTRO, BARROS and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court