People v Sonam (2020 NY Slip Op 00882)





People v Sonam


2020 NY Slip Op 00882


Decided on February 5, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 5, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
VALERIE BRATHWAITE NELSON, JJ.


2014-08838
 (Ind. No. 2498/11)

[*1]The People of the State of New York, respondent,
v
Karma Sonam, appellant.


Paul Skip Laisure, New York, NY (De Nice Powell of counsel), for appellant, and appellant pro se.
Melinda Katz, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Nancy Fitzpatrick Talcott of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Richard Buchter, J), rendered September 10, 2014, convicting him of murder in the second degree (two counts), robbery in the first degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Steven Paynter, J.), of those branches of the defendant's omnibus motion which were to suppress identification testimony and his statements to law enforcement officials.
ORDERED that the judgment is affirmed.
Contrary to the defendant's contention, the statements he made to law enforcement officials at the precinct station house were not subject to suppression, as the record demonstrated that the defendant was properly administered Miranda warnings (see Miranda v Arizona, 384 US 436, 444) and, thereafter, knowingly, voluntarily, and intelligently waived his Miranda rights (see People v Williams, 62 NY2d 285, 288-290; People v Benjamin, 168 AD3d 967; People v Harris, 163 AD3d 993, 994). The police had the requisite reasonable suspicion to stop and detain the defendant for a showup identification procedure, based on the defendant's appearance, which matched a general description of the perpetrator broadcast over the police radio, the defendant's temporal and spacial proximity to the crime scene, and the defendant's actions in attempting to flee from the police (see People v Whittle, 102 AD3d 710, 710-711; People v Austin, 100 AD3d 1010, 1011; People v Wellington, 84 AD3d 984, 986; People v Hicks, 78 AD3d 1075, 1076). The police possessed probable cause to arrest the defendant based upon the showup identification made by an eyewitness (see People v Austin, 100 AD3d at 1011). Accordingly, we agree with the Supreme Court's determination denying those branches of the defendant's omnibus motion which were to suppress identification testimony and his statements to law enforcement officials.
The defendant's contention that the evidence was legally insufficient to support his convictions because the testimony of one of the People's witnesses was incredible as a matter of law is unpreserved for appellate review (see People v Hawkins, 11 NY3d 484, 492). In any event, the witness's testimony was neither internally inconsistent nor the source of all of the evidence of the [*2]defendant's guilt (see People v Hampton, 21 NY3d 277, 288; People v Ratliff, 165 AD3d 845). Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see CPL 470.15[5]; People v Romero, 7 NY3d 633).
We agree with the Supreme Court's determination admitting into evidence certain surveillance video footage from a security system located at a grocery store near the subject shooting, as the People presented sufficient evidence that the video footage accurately represented the events being depicted (see People v Patterson, 93 NY2d 80, 84; People v Wells, 161 AD3d 1200).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contentions, including those raised in his pro se supplemental brief, are without merit.
LEVENTHAL, J.P., ROMAN, COHEN and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court