People v Correll (2025 NY Slip Op 00796)

People v Correll

2025 NY Slip Op 00796

Decided on February 11, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 11, 2025

Before: Singh, J.P., González, Scarpulla, Rosado, O'Neill Levy, JJ. 

Ind. No. 821/08 Appeal No. 3652 Case No. 2012-02134 

[*1]The People of the State of New York, Respondent,
v
Kyle Correll, Defendant-Appellant.

Caprice R. Jenerson, Office of The Appellate Defender, New York (Rosemary Herbert of counsel), and Holwell Shuster & Goldberg LLP, New York (Adan Martinez of counsel), for appellant. for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Stephen J. Kress of counsel), for respondent.

Judgment, Supreme Court, New York County (Maxwell Wiley, J.), rendered June 7, 2012, as amended June 19, 2013, convicting defendant, following a jury trial, of enterprise corruption, two counts of grand larceny in the fourth degree, and scheme to defraud in the first degree, and sentencing him to concurrent prison terms of 1 1/3 to 4 years on each count, unanimously modified, on the law, to the extent of vacating defendant's conviction under count 2 of the indictment as well as criminal acts 1 and 6 in the criminal acts alleged against defendant in the enterprise corruption count, and otherwise affirmed.
This Court agrees with the parties that defendant's conviction under count 2 of the indictment charging grand larceny in the fourth degree, as well as criminal acts 1 and 6 alleged in count 1 of the indictment charging enterprise corruption, must be reversed because the trial evidence, which included evidence suggesting that defendant threatened physical damage to construction sites through vandalism, varied from the theory of the indictment (see People v Grega, 72 NY2d 489, 496-498 [1988]).
Each of defendant's remaining arguments allege insufficiency in some aspect of the proof. However, we find that the evidence was legally sufficient to satisfy the requirement that a defendant "instill fear" as required to prove grand larceny in the fourth degree by extortion (People v Jennings, 140 AD3d 526, 527 [1st Dept. 2016], lv denied 28 NY3d 931 [2016]; see People v Forde, 153 AD2d 466,471-472 [1st Dept 1990] [emphasizing that threats do not need to be explicit]); sufficient for attempt to commit grand larceny in the fourth degree by extortion (see People v Denson, 26 NY3d 179, 189 [2015]; Forde, 153 AD2d at 471-472); and sufficient to prove that defendant "obtain[ed] property with a value in excess of one thousand dollars from one or more [victims]" (Penal Law 190.65[1][b]), an element of scheme to defraud in the first degree (see People v Taylor, 304 AD2d 434, 435 [1st Dept 2003], lv denied 100 NY2d 566 [2003]). We also reject defendant's argument that the scheme to defraud conviction was against the weight of the evidence (see People v Danielson, 9 NY3d 342-348-349 [2007]; see also People v Baque, __ NY3d __, 2024 NY Slip Op 05244 [2024]).
Finally, because defendant has failed to show that he committed less than three of the criminal acts alleged in the indictment, his challenge to his enterprise corruption
conviction also fails (Penal Law § 460.70[2]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 11, 2025