■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD BAKER, Appellant.—Judgment unanimously affirmed. Memorandum: From our review of the record, we conclude that the trial court properly denied defendant's motion to dismiss pursuant to CPL 30.30 (1) (a). Because the People announced their readiness for trial on July 5, 1989, which was within six months of the Court of Appeals' denial of the People's motion for leave to appeal our reversal of defendant's prior conviction, it was timely (CPL 30.30 [4]). Defendant's CPL 30.30 motion asserted that the period during which the

prosecution had to announce its readiness began to run from November 15, 1988, the date of our reversal of defendant's prior conviction, and reversal was mandated because the People did not announce their readiness by May 15, 1989. On appeal, defendant abandons that contention and asserts an entirely new basis for dismissal pursuant to CPL 30.30. Given those circumstances, the People are not bound by their failure to contest at trial the basis for defendant's theory.

We further find no error in the trial court's denial of defendant's motion for a missing witness charge concerning the two child witnesses who were allegedly present when defendant sodomized and sexually abused complainant. The People, in response to defendant's missing witness motion, adequately demonstrated that these witnesses refused to cooperate with the prosecution. They were not under the control of the prosecution because there was no relationship, in legal status or on the facts, to cause the prosecution naturally to expect the witnesses to testify in its favor *(see, People v Gonzalez,* 68 NY2d 424; *People v Archie,* 167 AD2d 925).

We have reviewed defendant's remaining contentions and find them to be without merit. (Appeal from Judgment of Monroe County Court, Maloy, J.—Sexual Abuse, 1st Degree.) Present—Dillon, P. J., Doerr, Balio, Lawton and Davis, JJ.