■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE COLON, Appellant. [604 NYS2d 409] —Judgment unanimously affirmed. Memorandum: Defendant was convicted, following a jury trial, of two counts of criminal sale of a controlled substance in the first degree and one count of criminal possession of a controlled substance in the first degree and criminal possession of a controlled substance in the second degree, arising out of his participation in the sale of cocaine to an undercover police officer on two separate occasions. On appeal, defendant contends that he was deprived of a fair trial because (1) the prosecutor improperly attempted to have defendant characterize prosecution witnesses as liars on cross-

examination; (2) the prosecutor during summation character-ized defendant as a liar; (3) the trial court gave an unbalanced interested witness charge; and (4) the trial court gave an unbalanced supplemental instruction in response to the jury's request. None of those alleged errors was preserved for appellate review *(see,* CPL 470.05) and we decline to review them in the interest of justice.

There is no merit to the issues raised in defendant's *pro se* supplemental brief. Defendant argues that his statement to the police should have been suppressed because the testimony of the police officer was incredible as a matter of law. Credibility is best determined by the trier of the fact who has the advantage of observing the witness and is in a better position to judge veracity of that witness *(People v Christian,* 139 AD2d 896, *lv denied* 71 NY2d 1024). Much weight must be given to the determination of the suppression court on questions pertaining to the credibility of witnesses *(see, People v Prochilo,* 41 NY2d 759, 761). We conclude that the findings of the hearing court are supported by the evidence.

Because defendant's statement had not been received in evidence, we agree that the court erred in permitting the police officer to read the statement to the jury. That error was harmless, however, because the witness could testify about the admissions that defendant made to him even if the written statement was not received in evidence. Finally, defendant failed to object to the prosecutor's comments on summation and thus, that issue has not been preserved for appellate review (CPL 470.05). (Appeal from Judgment of Monroe County Court, Egan, J.—Criminal Sale Controlled Substance, 1st Degree.) Present—Callahan, J. P., Pine, Lawton, Boomer and Davis, JJ.