■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT JACKSON, Appellant. [619 NYS2d 453] —Judgment unanimously affirmed. Memorandum: Defendant's conviction of robbery in the third degree is supported by legally sufficient evidence and the verdict is not against the weight of the evidence (see, People v Bleakley, 69 NY2d 490, 495). We reject the contention of defendant that the testimony of a prosecution witness is incredible as a matter of law (see, People v Taylor, 206 AD2d 904; People v Colon, 198 AD2d 835, 836, lv denied 83 NY2d 803; People v Briggs, 190 AD2d 995, lv denied 81 NY2d 1011).

The trial court properly denied defendant's request for a missing witness charge based on the People's failure to call as a witness the manager of the shoe store where the robbery took place (see, People v Lyons, 81 NY2d 753, 754; People v Gonzalez, 68 NY2d 424, 427-428). The mere failure to produce a witness at trial, without more, is insufficient to justify giving the charge (see, People v Gonzalez, supra, at 427; People v Robinson, 174 AD2d 998, 1000, lv denied 78 NY2d 1014). In response to defendant's request for a missing witness charge, the People amply demonstrated that the witness was neither available nor under the control of the prosecution (see, People v Baker, 174 AD2d 1019, 1020, lv denied 78 NY2d 1073; see also, People v Gonzalez, supra). Additionally, had there been error in the failure to give a missing witness charge, it would

have been harmless in light of the overwhelming evidence of defendant's guilt *(see, People v Crimmins,* 36 NY2d 230, 242).

Finally, we conclude that the sentence is neither unduly harsh nor severe. (Appeal from Judgment of Erie County Court, LaMendola, J.—Robbery, 3rd Degree.) Present—Pine, J. P., Lawton, Fallon, Davis and Boehm, JJ.