■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALLEN GORMELY, Appellant. [635 NYS2d 256] —Appeal by the defendant from a judgment of the County Court, Nassau County (Belfi, J.), rendered April 30, 1992, convicting him of murder in the second degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion

which was to suppress statements made by her to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant contends, among other things, that the hearing court should have suppressed his statements to the police because the police officers' testimony at the suppression hearing was incredible. We disagree. Credibility is best determined by the trier of fact who has the advantage of observing the witnesses, and great weight should be given to the determination of the suppression court on questions pertaining to the witnesses' credibility *(see, People v Colon,* 198 AD2d 835, 836). We conclude that the findings of the hearing court are supported by the evidence.

The defendant also contends that the trial court erred by precluding the defense expert from testifying on the defendant's alleged level of intoxication at the time of his interrogation based on the expert's analysis of the results of a polygraph examination taken at the time of that interrogation. Again, we disagree. "[W]here the scientific evidence sought to be presented is novel, the test is that articulated in *Frye v United States* (293 F 1013, 1014), in essence whether there is general acceptance in the relevant scientific community that a technique or procedure is capable of being performed reliably" *(People v Wesley,* 83 NY2d 417, 435 [Kaye, Ch. J., concurring]). Here, the defendant made no effort to lay such a foundation, and the court properly precluded the novel scientific evidence.

The defendant's remaining contentions, including those raised in the defendant's supplemental *pro se* brief, are either unpreserved for appellate review, without merit, or, to the extent that any error may exist, harmless in light of the overwhelming evidence of the defendant's guilt. Miller, J. P., O'Brien, Pizzuto and Krausman, JJ., concur.