■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERALD L. FRYAR, Appellant. [714 NYS2d 890] —Appeal by the defendant from a judgment of the County Court, Dutchess County (Marlow, J.), rendered May 17, 1999, convicting him of criminal possession of stolen property in the third degree and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

It is well settled that the factual findings and credibility determinations of a hearing court are entitled to great deference on appeal, and will not be disturbed unless clearly unsupported by the record (*see, People v Prochilo,* 41 NY2d 759, 761; *People v Rose,* 204 AD2d 745, 746). The credible evidence adduced at the suppression hearing supports the County Court's denial of that branch of the defendant's omnibus motion which was to suppress physical evidence (*see, People v Gormely,* 222 AD2d 521, 522; *People v Rivera,* 220 AD2d 782; *People v Boone,* 183 AD2d 721).

The defendant's contention that his guilt was not proven by legally sufficient evidence is not preserved for appellate review, since he made only a general motion for a trial order of dismissal and did not raise the specific grounds that he now raises (*see, People v Colavito,* 70 NY2d 996; *People v Stahl,* 53 NY2d 1048; *People v Tallarine,* 223 AD2d 738; *People v Udzinski,* 146 AD2d 245). In any event, viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), it was legally sufficient to establish beyond a reasonable doubt that the defendant knowingly possessed the stolen jewelry. The testimony concerning the defendant's actions and statements to the detectives was sufficient to permit the jury to infer that the defendant knew the jewelry he possessed had been stolen (*see, People v Zorcik,* 67 NY2d 670; *People v Reisman,* 29 NY2d 278, 285-286, *cert denied* 405 US 1041; *People v Von Werne,* 41 NY2d 584, 590).

Moreover, upon the exercise of our factual review power, we

are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant's remaining contentions are without merit. Santucci, J. P., Sullivan, McGinity and Luciano, JJ., concur.