■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL CONCEPCION, Appellant. [11 NYS3d 9]—

Judgment, Supreme Court, Bronx County (Barbara F. Newman, J.), rendered March 7, 2012, as amended April 6, 2012, convicting defendant, after a jury trial, of manslaughter in the first degree, and sentencing him to a term of 22 years, unanimously modified, on the law, to the extent of vacating the sentence and remanding for resentencing, and otherwise affirmed.

The verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's determinations concerning credibility and identification. Two eyewitnesses described the incident and the assailant, and both independently identified defendant in lineups. Discrepancies between their testimonies were relatively minor given the rapid pace of the event, and those discrepancies largely related to the aftermath of the shooting, rather than the identity of the gunman.

The court properly denied defendant's motion to suppress identification testimony. The record supports the court's finding that the photo array was not unduly suggestive. Defendant

and the other participants were reasonably similar in appearance, and there was no substantial likelihood that defendant would be singled out (*see People v Chipp*, 75 NY2d 327, 336 [1990], *cert denied* 498 US 833 [1990]). The fact that in the photo array defendant was wearing a gray sweatshirt, and the others were wearing darker clothing, did not render the array unduly suggestive, particularly since the description of the assailant included a dark sweatshirt, and defendant's clothing in the photo array matched this description less than that of the others (*see People v Drayton*, 70 AD3d 595 [1st Dept 2010], *lv denied* 15 NY3d 749 [2010]; (*People v Pelaez*, 3 AD3d 349, 350 [1st Dept 2004], *lv denied* 2 NY3d 744 [2004]). Moreover, the passage of two months between the photo array and the lineups sufficed to attenuate the taint from any unduly suggestive photo array procedure (*see e.g. People v Leibert*, 71 AD3d 513, 514 [1st Dept 2010], *lv denied* 15 NY3d 752 [2010]).

The court properly admitted brief, limited testimony that one of the eyewitnesses had identified defendant prior to the lineup, without permitting reference to the fact that a photo was used in the identification, to cure the misimpression created during defense counsel's cross-examination of the witness. Rather than complying with the court's earlier ruling that defense counsel first ask the witness whether the police had specifically asked about the assailant's hair, counsel focused on the description that the witness had given to the police, leaving the misimpression that the witness's ability to describe and identify the assailant was impaired because he had not mentioned that the assailant, like defendant, had a ponytail. The brief reference to the prior identification demonstrated that, prior to the lineup, the witness had confirmed that defendant's hair matched the assailant's (*see People v Garcia*, 56 AD3d 271 [1st Dept 2008], *lv denied* 12 NY3d 783 [2009]; *People v Givens*, 271 AD2d 372 [1st Dept 2000], *lv denied* 95 NY2d 865 [2000]).

The court properly exercised its discretion in precluding defendant from impeaching the other eyewitness with his failure to mention, during his testimony before the grand jury, an additional person who fled with the assailant after the incident, The witness did not testify before the grand jury in narrative form, but in response to specific questions. His attention was not specifically called to this other person, and there was no apparent reason for him to focus on or otherwise volunteer that detail when the questions before the grand jury were focused on the assailant's actions (*see People v Bornholdt*, 33 NY2d 75, 88 [1973], *cert denied* 416 US 905 [1974]).

While a witness's reference to his loving relationship with the deceased, who was his brother, was immaterial to any issue at trial (*see People v Harris*, 98 NY2d 452, 490-491 [2002]), this brief and fleeting testimony was not so prejudicial as to warrant a new trial.

As the People concede, defendant is entitled to resentencing for an express youthful offender determination (*see People v Rudolph*, 21 NY3d 497 [2013]).

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal. Concur—Andrias, J.P., Moskowitz, DeGrasse, Gische and Kapnick, JJ.