# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**598**
**KA 14-01532**
PRESENT: WHALEN, P.J., CARNI, NEMOYER, TROUTMAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                              MEMORANDUM AND ORDER

BRADLEY V. MALONEY, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (TIMOTHY P. MURPHY OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL J. FLAHERTY, JR., ACTING DISTRICT ATTORNEY, BUFFALO (ASHLEY R. LOWRY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (Michael F. Pietruszka, J.), entered May 15, 2014. The judgment revoked defendant's sentence of probation and imposed a sentence of imprisonment.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment that, upon his admission that he violated the terms and conditions of probation, revoked the sentence of probation imposed upon his conviction of, inter alia, vehicular manslaughter in the first degree (Penal Law § 125.13 [6]) and vehicular assault in the first degree (§ 120.04 [6]), and sentenced him to terms of imprisonment. We agree with defendant that his waiver of the right to appeal does not encompass the sentence imposed following his admission that he violated the terms and conditions of his probation because County Court failed to engage him " 'in an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice' " (*People v Brown*, 296 AD2d 860, 860, *lv denied* 96 NY2d 767; *see generally People v Lopez*, 6 NY3d 248, 256). We nevertheless reject defendant's contention that the sentence imposed upon his violation of probation is unduly harsh and severe. We note that the certificate of conviction incorrectly states that defendant was convicted of vehicular manslaughter in the second degree and must therefore be corrected to reflect that he was convicted of vehicular manslaughter in the first degree (*see People v Saxton*, 32 AD3d 1286, 1286-1287).

Entered: June 17, 2016                          Frances E. Cafarell
                                                Clerk of the Court