Appeal from a judgment of the Supreme Court, Erie County (John L. Michalski, A.J.), rendered August 28, 2014. The judgment convicted defendant, upon his plea of guilty, of rape in the second degree.
It is hereby ordered that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon his plea of guilty of rape in the second degree (Penal Law § 130.30 [1]), defendant contends that his waiver of the right to appeal is not valid, and he challenges the severity of the sentence. We agree with defendant that the waiver of the right *1495 to appeal is invalid because Supreme Court failed to advise him properly of the potential period of postrelease supervision (see generally People v Lococo, 92 NY2d 825, 827 [1998]; People v Thomas, 272 AD2d 985, 985-986 [2000]). Nevertheless, we conclude that the sentence, including the term of postrelease supervision, is not unduly harsh or severe. We note, however, that both the certificate of conviction and the uniform sentence and commitment form incorrectly recite that defendant was convicted of attempted rape in the second degree rather than the completed crime. The certificate of conviction and the uniform sentence and commitment form must therefore be amended to correct that clerical error (see People v Peyatt, 140 AD3d 1680, 1680 [2016], lv denied 28 NY3d 935 [2016]; People v Maloney, 140 AD3d 1782, 1783 [2016]).
Present—Smith, J.P., Peradotto, DeJoseph, Troutman and Scudder, JJ.