People v Yates (2019 NY Slip Op 05294)





People v Yates


2019 NY Slip Op 05294


Decided on June 28, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 28, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, CARNI, LINDLEY, AND CURRAN, JJ.


714 KA 17-00504

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
PHILLIP G. YATES, DEFENDANT-APPELLANT. 






CHARLES J. GREENBERG, AMHERST, FOR DEFENDANT-APPELLANT.
MARK S. SINKIEWICZ, ACTING DISTRICT ATTORNEY, WATERLOO, FOR RESPONDENT. 


 Appeal from a judgment of the Seneca County Court (Dennis F. Bender, J.), rendered August 15, 2016. The judgment convicted defendant, upon his plea of guilty, of criminal sale of a controlled substance in the fifth degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal sale of a controlled substance in the fifth degree (Penal Law § 220.31). Contrary to defendant's contention, we conclude that his waiver of the right to appeal was valid (see People v Smith, 164 AD3d 1621, 1621-1622 [4th Dept 2018], lv denied 32 NY3d 1177 [2019]). Here, County Court engaged defendant in a sufficient colloquy to ascertain that defendant's waiver of the right to appeal was made knowingly, intelligently, and voluntarily (see People v Lopez, 6 NY3d 248, 256 [2006]).
We further conclude that, "[a]lthough a valid waiver of the right to appeal would not preclude defendant's challenge to the voluntariness of his plea, defendant failed to preserve that challenge for our review inasmuch as he did not move to withdraw the plea or to vacate the judgment of conviction" (People v Mobayed, 158 AD3d 1221, 1222 [4th Dept 2018], lv denied 31 NY3d 1015 [2018]; see People v Cruz, 81 AD3d 1300, 1301 [4th Dept 2011], lv denied 17 NY3d 793 [2011]). Contrary to defendant's contention, this is not the "rare case in which the defendant's recitation of the facts underlying the crime pleaded to clearly casts significant doubt upon [his] guilt or otherwise calls into question the voluntariness of the plea," and thus the exception to the preservation rule stated in People v Lopez (71 NY2d 662, 666 [1988]) does not apply (Mobayed, 158 AD3d at 1222 [internal quotation marks omitted]). Insofar as defendant also contests the factual sufficiency of the plea colloquy, that contention is encompassed by his valid waiver of the right to appeal (see People v Oswold, 151 AD3d 1756, 1756 [4th Dept 2017], lv denied 29 NY3d 1131 [2017]).
Defendant's contention that he was denied effective assistance of counsel survives his guilty plea only insofar as he "contends that his plea was infected by the allegedly ineffective assistance and that he entered the plea because of his attorney's allegedly poor performance" (People v Ware, 159 AD3d 1401, 1402 [4th Dept 2018], lv denied 31 NY3d 1122 [2018] [internal quotation marks omitted]; see People v Bethune, 21 AD3d 1316, 1316 [4th Dept 2005], lv denied 6 NY3d 752 [2005]). Defendant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial" (People v Hernandez, 22 NY3d 972, 975 [2013], cert denied 572 US 1070 [2014] [internal quotation marks omitted]). Here, defendant failed to allege that he would have proceeded to trial absent counsel's alleged deficiencies and does not explain how those alleged deficiencies impacted his decision to enter a guilty plea. Thus, his contention that he did not receive effective assistance of counsel does not survive his guilty plea (see Ware, 159 AD3d at 1402).
Finally, we note that the certificate of conviction erroneously reflects that defendant was convicted of criminal possession of a controlled substance in the fifth degree (Penal Law § 220.06 [1]) and, as defendant requests, it should be amended to reflect that he was convicted of criminal sale of a controlled substance in the fifth degree (§ 220.31; see generally People v Armendariz, 156 AD3d 1383, 1384 [4th Dept 2017], lv denied 31 NY3d 981 [2018]; People v Maloney, 140 AD3d 1782, 1783 [4th Dept 2016]).
Entered: June 28, 2019
Mark W. Bennett
Clerk of the Court