People v Cruz-Rivera (2019 NY Slip Op 05921)





People v Cruz-rivera


2019 NY Slip Op 05921


Decided on July 31, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 31, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, LINDLEY, NEMOYER, AND TROUTMAN, JJ.


626 KA 17-01334

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JOSE CRUZ-RIVERA, DEFENDANT-APPELLANT. 






LINDA M. CAMPBELL, SYRACUSE, FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (KENNETH H. TYLER, JR., OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Thomas J. Miller, J.), rendered June 22, 2017. The judgment convicted defendant, upon a jury verdict, of murder in the second degree, attempted kidnapping in the second degree, gang assault in the first degree, assault in the first degree and criminal possession of a weapon in the third degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, murder in the second degree (Penal Law § 125.25 [3]), attempted kidnapping in the second degree
(§§ 110.00, 135.20), gang assault in the first degree (§ 120.07), and criminal possession of a weapon in the third degree (§ 265.02 [1]). Contrary to defendant's contention, County Court properly denied his motion to dismiss the indictment on the ground that two witnesses had committed perjury at the grand jury proceeding. A court may dismiss an indictment upon motion by a defendant if the grand jury proceeding was defective (see CPL 210.20 [1] [c]). A grand jury proceeding is defective when, inter alia, "[t]he proceeding otherwise fails to conform to the requirements of [CPL article 190] to such degree that the integrity thereof is impaired and prejudice to the defendant may result" (CPL 210.35 [5]; see People v Huston, 88 NY2d 400, 409 [1996]). "Dismissal of indictments under CPL 210.35 (5) should . . . be limited to those instances where prosecutorial wrongdoing, fraudulent conduct or errors potentially prejudice the ultimate decision reached by the Grand Jury" (Huston, 88 NY2d at 409). "The likelihood of prejudice turns on the particular facts of each case, including the weight and nature of the admissible proof adduced to support the indictment" (id.). Here, inasmuch as the prosecutor did not knowingly offer perjured testimony and there was sufficient evidence before the grand jury to support the charges without considering the perjured testimony, dismissal of the indictment was not required (see People v Lumnah, 81 AD3d 1175, 1177 [3d Dept 2011], lv denied 16 NY3d 897 [2011]; People v Bean, 66 AD3d 1386, 1386 [4th Dept 2009], lv denied 14 NY3d 769 [2010]; People v Mariani, 203 AD2d 717, 719 [3d Dept 1994], lv denied 84 NY2d 869 [1994]).
Defendant next contends that the court erred in allowing defendant's probation officer to testify regarding the electronic data from defendant's ankle monitor because such testimony was hearsay. We conclude that defendant's contention is not preserved for our review. Although defense counsel initially sought to preclude such testimony, the court reserved decision after argument and indicated that it would "handle [the issue] as it unfolds." When the probation officer testified the following day, defense counsel requested a limiting instruction but made no further objection to the testimony, in all likelihood because she intended to, and in fact did, cross-examine the witness regarding other data obtained from the ankle monitor. In any event, we conclude that any error was harmless inasmuch as the evidence was overwhelming and there was no significant probability that the error affected the verdict (see People v Brown, 57 AD3d 1461, 1462 [4th Dept 2008], lv denied 12 NY3d 814 [2009], reconsideration denied 12 NY3d 923 [2009]; see generally People v Crimmins, 36 NY2d 230, 241-242 [1975]).
Contrary to defendant's contention, the testimony of the accomplice was sufficiently corroborated by other evidence (see People v Smith, 150 AD3d 1664, 1665 [4th Dept 2017], lv denied 30 NY3d 953 [2017]; People v Highsmith, 124 AD3d 1363, 1364 [4th Dept 2015], lv denied 25 NY3d 1202 [2015]). Viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's contention that the verdict is against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). We also reject defendant's contention that the court erred in denying his request for a missing witness charge. The People demonstrated that the witness was uncooperative with them and thus not under their control (see People v Daniels, 140 AD3d 1083, 1085 [2d Dept 2016], lv denied 28 NY3d 970 [2016]; People v Bryant, 11 AD3d 630, 631 [2d Dept 2004], lv denied 3 NY3d 755 [2004]; People v Baker, 174 AD2d 1019, 1020 [4th Dept 1991], lv denied 78 NY2d 1073 [1991]; see generally People v Gonzalez, 68 NY2d 424, 427-429 [1986]).
The sentence is not unduly harsh or severe. We agree with defendant, however, and the People correctly concede, that the certificate of conviction incorrectly reflects that defendant was convicted of murder in the second degree pursuant to Penal Law
§ 125.25 (1), and it must therefore be amended to reflect that he was convicted of murder in the second degree pursuant to section 125.25 (3) (see People v Maloney, 140 AD3d 1782, 1783 [4th Dept 2016]). We also note that the certificate of conviction incorrectly reflects that defendant was convicted of criminal possession of a weapon in the third degree pursuant to Penal Law § 265.03 (3), and it must therefore be amended to reflect that he was convicted of criminal possession of a weapon in the third degree pursuant to section 265.02 (1). Finally, the certificate of conviction incorrectly reflects that defendant was sentenced to 3&frac13; to 7 years for criminal possession of a weapon in the third degree, and it must therefore be amended to reflect that he was sentenced to 3½ to 7 years for that conviction (see People v Armendariz, 156 AD3d 1383, 1384 [4th Dept 2017], lv denied 31 NY3d 981 [2018]).
Entered: July 31, 2019
Mark W. Bennett
Clerk of the Court