People v Salone (2020 NY Slip Op 06903)





People v Salone


2020 NY Slip Op 06903


Decided on November 20, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, NEMOYER, WINSLOW, AND BANNISTER, JJ.


930 KA 19-01090

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JEFFREY A. SALONE, JR., DEFENDANT-APPELLANT. 






EASTON THOMPSON KASPEREK SHIFFRIN LLP, ROCHESTER (BRIAN SHIFFRIN OF COUNSEL), FOR DEFENDANT-APPELLANT.
JAMES B. RITTS, DISTRICT ATTORNEY, CANANDAIGUA (V. CHRISTOPHER EAGGLESTON OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Ontario County Court (Brian D. Dennis, J.), rendered May 21, 2019. The judgment convicted defendant upon a jury verdict of manslaughter in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed as a matter of discretion in the interest of justice and on the law and a new trial is granted on count two of the indictment.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of manslaughter in the first degree (Penal Law
§ 125.20 [1]). Viewing the evidence in light of the elements of that crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Defendant's contention that County Court erred in allowing an investigating police officer to testify regarding his opinion that a homicide was committed in this case is preserved for our review only in part (see CPL 470.05 [2]). To the extent that defendant's contention is unpreserved, we exercise our power to review it as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]), and we conclude that the court erred in admitting that testimony because it " 'usurp[ed] the jury's fact-finding function' " (People v Hartzog, 15 AD3d 866, 867 [4th Dept 2005], lv denied 4 NY3d 831 [2005]).
We further agree with defendant that the court erred in permitting the victim's mother to testify regarding the victim's personal background, including various aspects of the victim's life and his family relationships. It is well settled that "testimony about [a] victim['s] personal background[] that is immaterial to any issue at trial should be excluded" (People v Harris, 98 NY2d 452, 490-491 [2002]; see People v Miller, 6 NY2d 152, 157-158 [1959]; People v Caruso, 246 NY 437, 443-444 [1927]) and, here, the testimony of the victim's mother regarding the victim's personal background was not relevant to a material issue at trial.
We conclude that reversal is required based upon the cumulative effect of the above evidentiary errors, which substantially prejudiced defendant's rights, and that a new trial must be granted on count two of the indictment (see generally People v Calabria, 94 NY2d 519, 523 [2000]). In light of our determination, we do not reach defendant's remaining contentions.
Entered: November 20, 2020
Mark W. Bennett
Clerk of the Court