People v Winston (2023 NY Slip Op 05054)

People v Winston

2023 NY Slip Op 05054

Decided on October 6, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 6, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, MONTOUR, OGDEN, AND DELCONTE, JJ.

596 KA 20-00418

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
RAEKWON WINSTON, DEFENDANT-APPELLANT. 

STEPHANIE R. DIGIORGIO, UTICA, FOR DEFENDANT-APPELLANT.
SCOTT D. MCNAMARA, DISTRICT ATTORNEY, UTICA (DAWN CATERA LUPI OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Oneida County Court (Michael L. Dwyer, J.), rendered October 17, 2019. The judgment convicted defendant, upon a jury verdict, of murder in the second degree and criminal possession of a weapon in the second degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of one count of murder in the second degree (Penal Law § 125.25 [1]) and two counts of criminal possession of a weapon in the second degree (§ 265.03 [1] [b]; [3]). 
Defendant failed to preserve for our review his contention that his conviction is not supported by legally sufficient evidence because his general motion for a trial order of dismissal was not specifically directed at the alleged error raised on appeal (see People v Gray, 86 NY2d 10, 19 [1995]; People v Sides, 215 AD3d 1250, 1251 [4th Dept 2023], lv denied 40 NY3d 936 [2023]; People v Ford, 148 AD3d 1656, 1657 [4th Dept 2017], lv denied 29 NY3d 1079 [2017]). In any event, we conclude that the evidence is legally sufficient and, viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we further reject defendant's contention that the verdict is against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Defendant's contention that he was denied a fair trial by the admission of testimony that he was known to fire guns during parties is not preserved because he " 'did not object on Molineux grounds to the admission of [the] testimony . . . nor did he request a Ventimiglia hearing' " (People v Kenney, 209 AD3d 1301, 1303-1304 [4th Dept 2022], lv denied 39 NY3d 986 [2022]).
Contrary to defendant's further contention, he was not denied effective assistance of counsel by defense counsel's failure to object to details elicited about the victim's personal life. Although we agree with defendant that some of those details were irrelevant (see People v Harris, 98 NY2d 452, 490-491 [2002]), " 'the single error by defense counsel in failing to object to [the] admission [thereof] was not so egregious as to deprive defendant of a fair trial' " (People v Escobar, 181 AD3d 1194, 1198 [4th Dept 2020], lv denied 35 NY3d 1044 [2020]; cf. People v Salone, 188 AD3d 1742, 1743 [4th Dept 2020]; see also People v Concepcion, 128 AD3d 612, 614 [1st Dept 2015], lv denied 26 NY3d 927 [2015]). Additionally, defendant was not denied effective assistance of counsel due to defense counsel's failure to make certain other objections or arguments (see People v Williams, 98 AD3d 1234, 1236 [4th Dept 2012], lv denied 21 NY3d 947 [2013]). We conclude that the evidence, the law, and the circumstances of this case, viewed in totality and as of the time of the representation, establish that defendant received meaningful representation (see People v Baldi, 54 NY2d 137, 147 [1981]).
We reject defendant's contention that County Court erred in denying defendant's request for a missing witness charge for various individuals. A missing witness instruction is appropriate [*2]where the witness in question has knowledge material to the trial, would be expected to give noncumulative testimony favorable to the party against whom the charge is sought, and is available to that party (see People v Smith, 33 NY3d 454, 458 [2019]). The witnesses in question refused to cooperate with prosecutors, which rendered them outside the People's control (see People v Daniels, 140 AD3d 1083, 1085 [2d Dept 2016], lv denied 28 NY3d 970 [2016]; People v Mariano, 36 AD3d 504, 505 [1st Dept 2007], lv denied 8 NY3d 987 [2007]; People v Baker, 174 AD2d 1019, 1020 [4th Dept 1991], lv denied 78 NY2d 1073 [1991]).
Finally, we reject defendant's contention that the sentence is unduly harsh and severe.
Entered: October 6, 2023
Ann Dillon Flynn
Clerk of the Court