People v Provost (2026 NY Slip Op 01643)

People v Provost

2026 NY Slip Op 01643

Decided on March 20, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 20, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: MONTOUR, J.P., SMITH, GREENWOOD, NOWAK, AND HANNAH, JJ.

48 KA 24-00618

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
vMICHAEL PROVOST, DEFENDANT-APPELLANT. 

ROSENBERG LAW FIRM, BROOKLYN (MORGAN NAMIAN OF COUNSEL), FOR DEFENDANT-APPELLANT.
TODD C. CARVILLE, DISTRICT ATTORNEY, UTICA (MICHAEL A. LABELLA OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Oneida County Court (Robert Bauer, J.), rendered June 16, 2023. The judgment convicted defendant, upon a jury verdict, of predatory sexual assault against a child (seven counts), sexual abuse in the first degree (seven counts) and endangering the welfare of a child. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of seven counts of predatory sexual assault against a child (Penal Law former § 130.96), seven counts of sexual abuse in the first degree (§ 130.65 [4]), and one count of endangering the welfare of a child (§ 260.10 [1]), arising from the repeated sexual abuse, over a period of nearly five years, of four children who were in his care.
Defendant contends that County Court erred in admitting certain Molineux evidence. To the extent that defendant's contention is preserved for our review (see CPL 470.05 [2]; People v Winston, 220 AD3d 1161, 1161 [4th Dept 2023], lv denied 41 NY3d 967 [2024]; People v Francis, 206 AD3d 1605, 1606 [4th Dept 2022], lv denied 38 NY3d 1133 [2022]), we reject it. The court properly concluded that the evidence of uncharged acts of sexual abuse against one of the victims, physical abuse of two victims, and threats of harm against those same victims if they disclosed the ongoing sexual abuse was relevant "to complete the narrative and provide proper context for the offenses charged in the indictment and . . . to establish the victim[s'] state of mind, the relationship between defendant and the victim[s], [and] the delay in reporting" (People v Smith, 224 AD3d 1221, 1221 [4th Dept 2024], lv denied 41 NY3d 985 [2024]; see People v Matthews, 142 AD3d 1354, 1355 [4th Dept 2016], lv denied 28 NY3d 1125 [2016]; see generally People v Morris, 21 NY3d 588, 594 [2013]) and, further, that the probative value of the evidence exceeded the potential for prejudice to defendant (see People v Alvino, 71 NY2d 233, 242 [1987]). Moreover, inasmuch as the court gave appropriate limiting instructions as requested by defense counsel, "[a]ny claim of prejudice necessarily relies on the assumption that the jury ignored the court's limiting instructions, and the law does not permit such an assumption" (Smith, 224 AD3d at 1222 [internal quotation marks omitted]).
Defendant's contention that he was deprived of a fair trial based on prosecutorial misconduct during summation is not preserved for our review inasmuch as he did not object to any of the comments that he now contends were improper (see CPL 470.05 [2]; People v Nesmith, 242 AD3d 1564, 1565 [4th Dept 2025], lv denied — NY3d — [2026]; People v Dozier, 238 AD3d 1523, 1525 [4th Dept 2025], lv denied 44 NY3d 1027 [2025]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
Viewing the evidence in light of the elements of the crimes as charged to the jury (see [*2]People v Danielson, 9 NY3d 342, 349 [2007]), we reject defendant's further contention that the verdict is against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Finally, given the heinous nature of defendant's crimes, the relationship between defendant and the victims, and the victims' particular vulnerabilities, we reject defendant's contention that his sentence is unduly harsh and severe (see People v Russell, 155 AD3d 1432, 1433-1434 [3d Dept 2017], lv denied 30 NY3d 1119 [2018]).
Entered: March 20, 2026
Ann Dillon Flynn
Clerk of the Court